## STATE OF MAINE *vs.* MARTIN P. WOLD.

### Cumberland.    Opinion April 22, 1902.

*Intox. Liquors.    Nuisance.    Search and Seizure.    Evidence.*

1.  Having liquors in possession with intent to sell in violation of law, and maintaining a common nuisance are distinct offenses, and an acquittal of the former is no bar to a conviction on the latter, even upon the same facts.

2.  In the trial of an indictment for maintaining a liquor nuisance the evidence in behalf of the state included the seizures made by the officers on three visits to the respondent's premises with search warrants, during the period covered by the indictment. *Held;* that the records of the municipal court, showing that he was discharged in that court on these three search and seizure cases, are not admissible in evidence. His acquittal on the search and seizure was not a bar to a conviction upon the nuisance, and had no legitimate tendency to prove non-possession or absence of intent to sell, in the trial of the nuisance case.

3.  The record of a conviction upon a search and seizure process is admissible upon the trial of an indictment to show the intent with which the liquors were kept. But the converse of this proposition by no means follows. The question of the respondent's guilt or innocence upon the charge of maintaining a liquor nuisance must be determined by the jury upon their judgment of the probative force of all the evidence before them at the trial of that case, and not upon the opinion of the municipal judge respecting the proper weight to be given to that portion of the evidence which may have been offered at the hearing of a different case before him.

Exceptions by defendant.    Overruled.

This was an indictment found at the May term, 1901, of the superior court for Cumberland county, against the respondent, alleging that he kept and maintained a nuisance at number 55 Middle street in Portland, where he kept an eating house. The case was tried before a jury on the twentieth and twenty-first of May, and the jury returned a verdict of guilty. It appeared from the testimony that the officers had visited respondent's place about fifteen times between January first and the first Tuesday of May, and during that period they had warrants during three of their visits. The evidence presented for the purpose of proving the guilt of the respondent related

principally to the three visits when the officers had a warrant to search. In the municipal court the respondent was discharged in all three search and seizure cases and during the progress of the trial, respondent desired to produce the records of the municipal court in those three search and seizure cases showing his discharge. Upon the objection of the attorney for the state, the presiding justice excluded this evidence and the respondent took exceptions.

*R. T. Whitehouse,* county attorney, for state.

*D. A. Meaher,* for defendant.

A search and seizure process and a nuisance indictment are so connected together, and the evidence in one case applies with such force to the other, that where that evidence has been passed on and decided, it should have a bearing in a subsequent case, where the offense is made out by almost entirely the same evidence or an accumulation of search and seizure cases.

It is well known that such evidence as would make out a search and seizure case would be sufficient to prove a nuisance indictment, and it is also apparent that where there is not sufficient evidence to make out a search and seizure case, there is not sufficient evidence to make out an indictment; so that under such circumstances it must appear material to know what a court of record has decided on the facts presented.

The decisions in inferior courts of justice, convictions of magistrates, and, in fact, all other legal and authorized adjudications, are evidence to establish the fact that such an adjudication has taken place and all the legal consequences that may be derived from it. 1 Herman on Estoppel, Ed. of 1886, p. 507.

An indictment requires a series of acts and the duration of time to constitute the offense. *Com.* v. *Robinson,* 126 Mass. 259. So we claim that when the acts are proved to be not illegal by a judgment of the court, the record evidence of such judgment should have been admitted.

In *State* v. *Stanley,* 84 Maine, 555, the court says that the sale of intoxicating liquors on two different occasions in a dwelling-house does not as a matter of law constitute it a common nuisance under R. S., c. 17, § 1. The word "used" in that section implies habitual

action. Evidence of such sales is for the jury to weigh and if it satisfies them beyond a reasonable doubt that the occupant of the dwelling-house was in the habit of thus selling therein, they may thereby find it a nuisance; and in this case the case of *State* v. *Lang*, 63 Maine, 215, is affirmed.

Evidence that the defendant has been convicted of the offense of the illegal selling of intoxicating liquors is admissable at the trial of a complaint for keeping and maintaining a liquor nuisance during a period which includes the date of such sale. *Com.* v. *Bretsford*, 161 Mass. 61.

In a prosecution for maintaining a liquor nuisance, the offense need not be alleged with a continuando, and where a certain day is alleged, evidence as to the character of the place on the day, whether before or after the date alleged, is admissible to show that it was a nuisance on any day within the time limited for the prosecution. *State* v. *Haley*, 52 Vt. 476.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

WHITEHOUSE, J. This was an indictment for maintaining a liquor nuisance upon which the respondent was tried in the superior court and found guilty by the jury. The evidence in behalf of the state included the seizures made by the officers on three visits to the respondent's premises with search warrants during the period covered by the indictment. The respondent offered the records of the municipal court to show that he was discharged in that court on these three search and seizure cases. This evidence was excluded by the presiding judge, and the case comes to this court on exceptions to that ruling.

The ruling was manifestly correct. The records of respondent's discharge in the municipal court were clearly not admissible upon any recognized principle of evidence. His acquittal on the search and seizure was not a bar to a conviction upon the nuisance, and had no legitimate tendency to prove non-possession or absence of intent to sell, in the trial of the nuisance case.

Having liquors in possession with intent to sell in violation of law and maintaining a common nuisance are distinct offenses, and an acquittal of the former is no bar to a conviction on the latter even upon the same facts.   Com. v. McCawley, 105 Mass. 69; Morey v. Com. 108 Mass. 433; Com. v. Sullivan, 150 Mass. 315.

The record of a conviction upon a search and seizure process is admissible upon the trial of an indictment to show the intent with which the liquors were kept.   State v. Hall, 79 Maine, 501.   But the converse of this proposition by no means follows.   The evidence upon which the discharge was ordered by the municipal judge may have been entirely different from that produced at the trial of the indictment.   The question of the respondent's guilt or innocence upon the charge of maintaining a liquor nuisance must be determined by the jury upon their judgment of the probative force of all the evidence before them at the trial of that case, and not upon the opinion of the municipal judge respecting the proper weight to be given to that portion of the evidence which may have been offered at the hearing of a different case before him.

*Exceptions overruled.    Judgment for the state.*