## COMMONWEALTH *vs*. FANNIE BALDWIN.

Suffolk.    November 18, 1912. — January 4, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Nuisance.   Autrefois Acquit.*

At the trial in the Superior Court of an appeal from a conviction by a municipal court on a complaint under R. L. c. 101, §§ 6, 7, for maintaining a common nuisance during a certain period by the maintenance of a tenement resorted to for prostitution and lewdness, it is no bar to the complaint that the defendant was acquitted in the municipal court on another complaint on which he was tried there at the same time charging him with maintaining a common nuisance during the same period by the maintenance of a tenement used for the illegal sale of intoxicating liquor.

COMPLAINT, received and sworn to in the Municipal Court of the City of Boston on August 7, 1911, under R. L. c. 101, §§ 6, 7, charging the defendant with maintaining a common nuisance, to wit, a tenement resorted to for prostitution and lewdness.

The defendant, having been convicted in the municipal court, appealed to the Superior Court and filed in that court a plea in bar, setting forth the facts which are stated in the opinion in regard to the acquittal of the defendant on another complaint, on which the defendant was tried in the municipal court at the same time, and which charged the defendant with maintaining a common nuisance during the same period by maintaining a tenement used for the illegal sale of intoxicating liquor. The Commonwealth demurred to the plea.

The case was heard on the demurrer by *Chase,* J., who sustained the demurrer and ordered the defendant to plead to the complaint. The defendant then pleaded not guilty, and was tried and convicted. The defendant appealed from the order sustaining the demurrer, and also alleged exceptions to the order.

*J. P. Feeney,* for the defendant.

*A. C. Webber,* Assistant District Attorney, for the Commonwealth.

HAMMOND, J.   The demurrer to the plea in bar was rightly sustained.   Both complaints were made and sworn to by the same

person at the same time. In each the crime charged was the keeping and maintaining of a common nuisance between March 7, 1911, and August 7, 1911. One complaint alleged that the tenement was used for the sale of intoxicating liquor; the other that it was resorted to for prostitution and lewdness. Both complaints were tried together in the lower court "at one trial." That court found the defendant not guilty on the first and guilty on the second.

The only sensible view of the course taken by the lower court is that the Commonwealth proved that the tenement was resorted to for prostitution and lewdness and was therefore a nuisance, but failed to show that it was used for the sale of intoxicating liquor, and that the acquittal was based upon a variance between the charge and the proof.

It is well settled that where there are two or more counts, even for the same offense, in one complaint or indictment, an acquittal on one count by reason of a variance is perfectly consistent with conviction upon another stating the offense in a different way. *Commonwealth* v. *Edds,* 14 Gray, 406. Under the peculiar circumstances of this case the same rule should be applied here; and the failure to prove the specific allegation in one complaint and the consequent acquittal by reason of a variance between the charge and the proof is no bar to conviction upon the other.

*Exceptions overruled; order sustaining the demurrer affirmed.*