## IN RE GOMEZ.

(No. 3,825.)

(Submitted March 13, 1916.   Decided March 20, 1916.)

[156 Pac. 1078.]

*Criminal Law—Habeas Corpus—Office of Writ.*

*Habeas Corpus*—Writ Does not Lie, When.
    1.   Where the jury found the defendant guilty of assault in the first degree, and, in an endeavor to exercise the discretion vested in them by the Indeterminate Sentence Law (Laws 1915, p. 21), fixed his punishment "at not less than —— years nor more than ten years" in the state prison, and the judge in pronouncing sentence assessed the punishment at not less than ten nor more than twenty years, instead of requiring the jury to again retire and supply the omission in their verdict, the writ of *habeas corpus* did not lie.

Same—Office of Writ.
    2.   The office of the writ of *habeas corpus* is not that of an appeal or writ of error to review irregularities in the verdict or judgment.

    [As to scope of review on *habeas corpus,* see note in 87 Am. St. Rep. 171.]

IN THE MATTER of the application of Andrew Gomez for writ of *habeas corpus*.   Application dismissed and complainant remanded.

*Mr. G. Stanley Walters* and *Mr. J. B. Herford,* for Complainant.

*Mr. J. B. Poindexter,* Attorney General, and *Mr. W. H. Poorman,* Assistant Attorney General, for the State.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

*Habeas corpus.* The complainant is confined in the state prison under a judgment of conviction for assault in the first [1] degree. At the trial the jury returned the following verdict: "We, the jury in the above-entitled court and cause, find the defendant Andrew Gomez guilty of the crime of assault in the first degree as charged in the information herein, and fix his punishment at not less than —— years nor more than ten years in the state prison."

Instead of requiring the jury to amend the verdict to make it conform to the requirements of the Indeterminate Sentence Law (Laws 1915, p. 21), the court accepted it, and permitted it to be filed with the clerk. Thereafter in pronouncing sentence, it disregarded the attempt of the jury to assess the punishment and sentenced complainant to a term of not less than ten nor more than twenty years in the state prison, the latter being the maximum fixed by the statute for this crime. (Laws 1911, p. 9.) The complainant insists that the judgment is void, in that the verdict is insufficient to support it, and hence he is entitled to his release.

There can be no question that the jury intended to exercise the discretion vested in them by the statute. (Rev. Codes, sec. 9329.) This is evidenced by the fact that they fixed a maximum of punishment. Since they were vested with this discretion and it was apparent that they failed to exercise it properly by fixing the minimum as well as the maximum, it was the duty of the court to send them out again under proper instructions to supply the omission. (Rev. Codes, sec. 9323.) Complainant had the right to demand that this course be pursued, and by timely objection to the reception of the verdict and reservation of his exception to put himself in a position to assail the integrity of the judgment on appeal. But it does not therefore follow that the judgment is wholly void. Let it be conceded that the court committed prejudicial error. Such error did not divest it of jurisdiction to assess the punishment and pronounce

judgment in pursuance of the statute.    (Rev. Codes, sec. 9330.)
This section, we apprehend, was intended to include cases such
as this, in which the jury have inadvertently failed to exercise
their discretion correctly, as well as those in which they have
intentionally left the office of assessing the punishment to the
discretion of the court.    Such, in effect, was the decision in
*In re Lewis,* 51 Mont. 539, 154 Pac. 713.    The terms employed
in the statute do not permit any other conclusion.    The verdict
being sufficient as a finding of his guilt, the complainant cannot
in this proceeding question the validity of the judgment pro-
**[2]**    nounced upon it.    The office of the writ of *habeas corpus*
is not that of an appeal or writ of error.    Its only office is to
present the inquiry whether the court *a quo* had jurisdiction
of the subject matter and the defendant, and rendered such a
judgment as the law authorizes in the particular case.    When it
appears that this was the condition, the writ will be discharged.
(*In re Thompson,* 9 Mont. 381, 23 Pac. 933; *In re Boyle,*
26 Mont. 365, 68 Pac. 409, 471; 21 Cyc. 297.)    If a trial court
must in every case require the jury to return a verdict techni-
cally correct in every particular, at the peril of having the
validity of the judgment rendered thereon successfully as-
sailed on application for *habeas corpus,* section 9330 can never
have any potency.    What moved the court to pursue the course
it did in assessing the punishment we do not know, nor may
we on this application inquire.    That it had power to pronounce
sentence as it did, we have no doubt.

The application is therefore dismissed, and the complainant
is remanded to the custody of the warden of the state prison.

*Dismissed.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.