[Crim. No. 833. Second Appellate District, Division One.—January, 25, 1922.]

## THE PEOPLE, Respondent, v. JOSE MORALES, Appellant.

[1] CRIMINAL LAW—KIDNAPING—ROBBERY—SUFFICIENCY OF EVIDENCE. In this prosecution under an information charging the defendant in separate counts with the crimes of kidnaping and robbery, the evidence is sufficient to sustain the verdict as to either crime.

[2] ID.—INFORMATION — DIFFERENT OFFENSES.—An information may charge two or more different offenses connected together in their commission, or different statements of the same offense.

APPEAL from a judgment of the Superior Court of Riverside County and from an order denying a new trial. Hugh H. Craig, Judge. Affirmed.

The facts are stated in the opinion of the court.

Albert D. Trujillo for Appellant.

U. S. Webb, Attorney-General, and Arthur Keetch, Deputy Attorney-General, for Respondent.

CONREY, P. J.—By information in two counts the defendant was accused of the crime of kidnaping of the person of one Victoria Analle, and also of the crime of robbery of the sum of three hundred dollars taken by the defendant from said Victoria Analle. Having been convicted on both counts, he was sentenced according to law, and it was ordered that the two sentences run concurrently.

The defendant has appealed from the judgment. It is doubtful whether the record shows an appeal from the order denying a new trial, but we shall assume that it does.

The points urged are that the evidence is insufficient to sustain the verdict of guilty of either one of the crimes charged, and that the two counts are separate and distinct charges and cannot as such be made parts of one information.

[1] There is ample evidence to show that the defendant is guilty of both of these offenses. The substance of the testimony is to the effect that the complaining witness was an ignorant and superstitious woman; that the defendant by force and threats of violence took her away from her home, and through force, threats, and fear kept her for several months; and that on the very first day of this period he, in like manner, took away from her, without her consent and against her will, the sum of three hundred dollars, which had been given to her by her husband.

[2] The information may charge two or more different offenses connected together in their commission, or different statements of the same offense. (Pen. Code, sec. 954.) The second count of the information in this case charges that the alleged robbery was committed as part of the same transaction set forth in the first count. The evidence shows the truth of this allegation.

The judgment and order are affirmed.

Shaw, J., and James, J., concurred.