STATE, RESPONDENT, *v.* MARCHINDO, APPELLANT.

(No. 5,165.)

(Submitted October 25, 1922.  Decided December 18, 1922.)

[211 Pac. 1093.]

*Criminal Law—Intoxicating Liquors—Procedure—Information —Charging Several Offenses—Constitution—Once in Jeopardy—Defective Verdict—Waiver.*

Criminal Law — Information — Improper Uniting of Counts — Proper and Improper Remedy.

1.  The objection that several offenses are improperly united under separate counts in an information cannot be raised by a motion to require the prosecution to elect upon which one count it would rely for conviction, but must be taken by demurrer.

Same—Procedure—Regulation a Legislative Function.

2.  The question of procedure for the prosecution and conviction of one accused of crime is solely a legislative function, with which the judiciary will not interfere so long as a constitutional right guaranteed to defendant is not invaded.

Same—Prohibition Act—Intent of Legislature.

3.  The fundamental purpose of the legislative assembly in enacting the Prohibition Enforcement Act (Chap. 9, Extra. Sess. Laws, 1921) was to harmonize the state Act with the provisions of the federal statute, among others, the one declaring that in an information (or indictment) for the violation of the Act separate offenses may be united in separate counts and the defendant tried on all at one trial and a penalty for all offenses imposed.

Same—Statutes—New Procedure Supersedes Prior Enactments.

4.  Where a new remedy or mode of procedure is authorized by a statute, and the new procedure is inconsistent with the former one, the latest expression of legislative will must govern, to the extent, however, only as provided in the new Act; hence where an' offense is created by statute prescribing a penalty with the mode of procedure, no other can be followed.

Same — Violation of Prohibition Act — Information Charging Several Offenses—Constitution.

5.  Section 11581, Revised Codes of 1921, provides that an act made punishable in different provisions of the Code cannot be punished under more than one.  Section 31 of Chapter 9, Extraordinary Session Laws of 1921 (sec. 11078, Rev. Codes 1921), declares that separate offenses against the Intoxicating Liquor Law may be united in the information in separate counts and defendant tried at one trial and a penalty for all offenses imposed.  *Held*, that the procedure pointed out by Chapter 9 is controlling, and that the contention that it is violative of the constitutional provision that no person shall be twice put in jeopardy for the same offense is without merit.

Same—Prohibition Act—Information Charging Several Offenses—Once in Jeopardy.

6.  Where defendant in the same information was charged with unlawfully selling intoxicating liquor, with unlawful possession thereof,

[65 Mont. 431.]

and with maintaining a common nuisance under the Prohibition Act, the test to be applied in determining whether conviction on any one of the counts, all arising out of the same act, will bar conviction of any of the others, under the constitutional provision against putting a person twice in jeopardy for the same offense, is whether the same evidence would sustain a conviction under each count; hence where each count required proof of a fact which the others did not, the constitutional guaranty is not violated.

Same—Intoxicating Liquors—Information—Sufficiency—Surplusage.

7. An information charging defendant with the unlawful sale of "certain intoxicating liquors" was sufficient and the words descriptive thereof "known as whisky" were surplusage.

Same—Witnesses—Detectives—Credibility—Instructions.

8. Where the jury were fully instructed as to the weight and credibility to be given to the testimony of all witnesses, refusal of requested instructions respecting the same matter with reference to testimony of paid detectives was not error.

Same—Verdict—Waiver of Defect.

9. Where at the time the verdict fixing the punishment of defendant for violation of the Liquor Law "at thirty days" he made no objection to it on the ground that the place of imprisonment was not fixed, and the court was not requested to require the jury to retire to supply the omission, he is in no position to complain of the defect on appeal.

*Appeals from District Court, Silver Bow County; Jeremiah J. Lynch, Judge.*

W. JOE MARCHINDO was convicted of offenses against the Prohibition Act, and from the judgment of conviction and from the order denying his motion for a new trial, he appeals. Affirmed.

*Messrs. Lamb & Malloy,* for Appellant, submitted a brief and argued the cause orally.

The court erred, in view of the provisions of section 11581, Revised Codes of 1921, in denying the motion of the defendant to require the county attorney to elect upon which of the three separate and distinct counts of the information the evidence on the part of the state and the evidence introduced on the part of the state shall apply and upon which count the state relied. The appellant sought to have the court require the state to elect upon which count they would rely and apply the evidence in this case. The record in this case shows that the defendant was tried and convicted upon three separate and distinct offenses which were predicated upon a single act.

(*State* v. *Gutke,* 25 Idaho, 737, 139 Pac. 346.) So it would seem that if in this case they had first prosecuted the defendant for "selling" and had afterward sought to prosecute him for "possessing" or for maintaining a common nuisance growing out of the same act or omission, the defendant could have, under this statute, successfully pleaded former jeopardy, and if this be true, certainly it is true, and ought to be true, that the state cannot successfully prosecute this defendant upon three separate and distinct offenses predicated upon one act or omission. (8 R. C. L., sec. 128; 16 C. J., sec. 470; *Estep* v. *State,* 11 Okl. Cr. 103, 143 Pac. 64; *Jackson* v. *State,* 11 Okl. Cr. 523, 148 Pac. 1058; *State* v. *Needham,* 194 Mo. App. 201, 186 S. W. 585; *Woodworth* v. *State,* 185 Ind. 582, 114 N. E. 86; *State* v. *Linton* (Mo. App.), 217 S. W. 874; *State* v. *Linton,* 283 Mo. 1, 222 S. W. 847.)

We also wish to urge that the information having charged the accused with selling whisky, the conviction cannot be sustained when the evidence shows, as it does in this case, that what the defendant sold, if he sold anything, was "ethyl alcohol, water and sugar colored." It is unquestionably the law that the state must prove the material allegations of the information. Having alleged that it was "whisky" that which they alleged they should have been required to prove, and having failed in this, we submit that this conviction is against the law and against the evidence.

*Mr. Wellington D. Rankin,* Attorney General, and *Mr. L. A. Foot,* Assistant Attorney General, for the State, submitted a brief; *Mr. Foot* argued the cause orally.

There is no question of former jeopardy in this case. Appellant was charged upon all of the three charges at the same time as provided by the statutes. The jury could have acquitted him upon some of the charges and convicted him upon others, and the same evidence could be used to prove each offense. While the authorities are divided on the question, the weight of authority appears to be that, in the absence of

some statutory prohibition, the trial of an accused for unlawfully possessing intoxicating liquors will not bar a subsequent prosecution for unlawfully selling such liquors, since they are separate offenses. (*Phillips* v. *State,* 27 Ga. App. 1, 107 S. E. 343; *Webb* v. *State,* 13 Ga. App. 733, 80 S. E. 14; *Ruble* v. *State,* 51 Ark. 170, 10 S. W. 262; *State* v. *Gapen,* 17 Ind. App. 524, 45 N. E. 678; *Commonwealth* v. *Vaughn,* 101 Ky. 603, 45 L. R. A. 858, 42 S. W. 117.)

The case of *State* v. *Gutke,* 25 Idaho, 737, 139 Pac. 346, cited and relied upon by appellant, has no force in this case, in the face of section 11078, Revised Codes of 1921, since the prosecution in that case was not under a statute similar to that section.

It was unnecessary to allege the kind of liquor that appellant was charged with selling or of being in unlawful possession of, as long as it was alleged to be intoxicating liquor. (23 Cyc. 228; *State* v. *Harris,* 101 Or. 410, 200 Pac. 926; *State* v. *Sullivan,* 97 Wash. 639, 166 Pac. 1123.) Therefore, the words "known as whisky" and "whisky" are surplusage. The testimony introduced by the state shows that the liquor was intoxicating, by showing that it contained forty-nine per cent ethyl alcohol by volume, and it was known as moonshine whisky.

MR. JUSTICE FARR delivered the opinion of the court.

Defendant was convicted in the district court of Silver Bow county on each of the three counts of an information charging him with unlawfully selling intoxicating liquors, unlawfully possessing intoxicating liquors, and unlawfully maintaining a common nuisance, and he appeals from the judgment of conviction and from the order denying his motion for a new trial.

The first specification of error argued by appellant is based [1] on the refusal of the court to require the state to elect upon which count it would rely for a conviction. There is not any merit in the contention.

The information charges three separate offenses. Whether each offense grew out of the same act or transaction cannot be told from the information itself. Each count charges a violation of the prohibition laws, which by section 11078, Revised Codes of 1921 (sec. 31, Chap. 9, Ex. Sess. 1921), provides that "In any affidavit, information, or indictment for the violation of this Act, separate offenses may be united in separate counts and the defendant may be tried on all at one trial and the penalty for all offenses may be imposed. * * * " Regardless of whether it is permissible under this section to unite separate offenses in separate counts in the same indictment, the question cannot be raised by a motion to require the prosecution to make an election of the offenses charged, i. e., the one upon which it would seek conviction. Such objection, when available, can be taken only by demurrer. (Secs. 11898, 11906, Rev. Codes 1921; *State* v. *Kanakaris*, 54 Mont. 180, 169 Pac. 42.) The motion to elect, however, in view of our conclusions as to the sufficiency of the information referred to and discussed in other parts of this opinion, was not available to the defendant for any purpose.

Defendant, by specifications of error, questions the validity of the verdict and the judgment entered thereon. He was found guilty of each of the three offenses charged, and the jury fixed a punishment for each. On the first count, for the unlawful selling of intoxicating liquors, thirty days and $25 fine; on the second count, for the unlawful possession of intoxicating liquors, $25 fine; and on the third count, for unlawfully maintaining a common nuisance, thirty days and $100 fine, upon which judgment was rendered imposing a total jail sentence of sixty days and a total fine of $150.

It is defendant's contention that the jury could not properly have found the defendant guilty of all three offenses, and that consequently the verdict and the judgment entered thereon are invalid. Counsel base their contention largely upon the language of section 11581 of the Revised Codes of 1921, which provides: "An act or omission which is made punish-

able in different provisions of this Code may be punished
under either of such provisions, but in no case can it be pun-
ished under more than one; an acquittal or conviction and
sentence under either one bars a prosecution for the same act
or omission under any other. * * * '' This section came
into our Criminal Practice Act with the adoption of the Codes
of 1895. California and Idaho each have similar statutory
provisions. The courts of California have not, so far as we
have been able to find, expressly construed the language of
their statute. (Sec. 654, Cal. Pen. Code.)

The supreme court of Idaho, in the case of *State* v. *Gutke,*
25 Idaho, 737, 139 Pac. 346, had under consideration the pro-
visions of the Idaho statute. In that case the defendant was
tried and acquitted upon the charge of selling two bottles of
beer to a minor in violation of the law which makes it a mis-
demeanor to sell intoxicating liquor to a minor. He was
thereafter charged, based upon the same transaction, with
selling intoxicating liquor in violation of the local option stat-
ute which makes it a misdemeanor to sell intoxicating liquor
within a prohibition district. On the trial of the latter charge
the defendant pleaded "not guilty" and "former acquittal,"
his plea of former acquittal being based upon his trial and
acquittal for selling intoxicating liquor to a minor. The
court, in considering the plea of former acquittal, did so
upon the theory that the second conviction was in violation of
the Idaho statute, and said: "Our attention has only been
called to one statute which is in any way similar to the fore-
going, and that is section 654, Kerr's California Penal Code,
which is in the exact language of our statute, except that it
has added thereto some reservations and exceptions. So far
as we have been able to find, there is no decision of the Cali-
fornia court that throws any light upon the inquiry which
confronts us. It should also be remembered, upon the very
threshold of our investigation of this case, that our statute
differs materially and essentially from the provision of section
13, Article I of the state Constitution, and the like provision

of the federal Constitution which provides that 'no person shall be put twice in jeopardy for the same offense.' It should therefore be remembered, upon the very outset, that decisions from courts which discuss the foregoing constitutional provision with reference to being put 'twice in jeopardy' for the same offense are in no * * * sense applicable to the statute here under consideration. The constitutional provision deals with the subject of putting a defendant twice in jeopardy for the same offense. On the other hand, the statute (sec. 7230) above quoted, is not dealing with the 'same offense,' but the same 'act or omission.' In other words, the Legislature has said that where an act or omission to act is a violation of different statutes of this state and may be punished under several statutes, the state may elect as to the statute under which it will prosecute the party, but 'in no case can' such party 'be punished under more than one' statute. This statute appears to have been adopted from California by the 1872 Codes, and it was first introduced into the Idaho statutes in the 1887 Revised Statutes. The commission which proposed the Revised Statutes of 1887 of this territory was composed of some of the ablest lawyers in the territory, and they were undoubtedly familiar with the conflicting decisions and diversity of opinion among lawyers and judges as to just when a party can be legally said to have been 'once in jeopardy' under the constitutional provision and when he may be again tried for the commission of the same act which is a violation of another statute, and, in our opinion, it was for the purpose of setting this question at rest, so far as any conflict might arise in Idaho, that this statute was adopted. This was before the admission of the state and the adoption of the Constitution, and the legislature accordingly directed its prohibition against twice prosecuting a man for the same 'act or omission,' although that act or omission might be a violation of several statutes and therefore constitutes several offenses.''

However logical this decision may be as applied to the statutes of Idaho, its reasoning could not, for reasons which will hereafter appear, be made applicable to our own statute. For the present it is to be noted that the statutes of Idaho in force at the time of the decision of this case, provided no special method of procedure in the enforcement of the law relating to the sale of intoxicating liquors, as does our state law.

So far as the provision in question may be considered as a complement to those acts or omissions which were at the time of its adoption into the law made offenses under the law, and also to those which since its adoption have been made offenses and for which no exception or special procedure is provided, it may be understood as designed to prohibit the prosecution of a person under more than one statute for the same act or omission, although that act or omission may be a violation of several statutes, and therefore constitute several offenses. Whether it has reference to acts or omissions made unlawful by legislative enactment after its adoption into our law, in which enactment a different or a new method of procedure or punishment is provided, is one of the questions which is presented for consideration. If the provisions be considered as a part of the adjective law, and to relate to procedure, then, as will be pointed out in another part of this opinion, it is within the province of the legislature to change the procedure in respect to the enforcement and punishment of any criminal act, so long as constitutional rights or guaranties are not invaded.

That the provision in question did not come into the California statute for the purpose of aiding in the construction of the term "twice in jeopardy" in the Constitution of that state is apparent from the fact that the Constitution of California was adopted in 1849, which contained a guaranty of immunity from a second prosecution for the same offense, while this provision under consideration did not come into the law of that state until February, 1872. (Sec. 654, Kerr's

Cyc. Codes of California 1920.) And for the same reason
the provision in question cannot be looked to by the courts
of this state in aid of construction of our constitutional guar-
anty of immunity from a second prosecution, in view of the
fact that it came into our law long after the adoption of our
Constitution. (*State* v. *Gaimos,* 53 Mont. 118, 162 Pac. 596.)
That it has been treated by the courts and the profession of
California as relating to procedure only, we think clear from
the fact that in all of the decisions of the California courts
involving the charging in the same indictment or information
of the same act or transaction no reference has been made to
the provision, under consideration.

While the supreme court of California, as has been noted,
has not, so far as we have been able to find, directly con-
strued this provision of the statute of that state, the de-
cisions of the courts of that state in holding that, where two
or more offenses grow out of the same act or transaction,
they may each be prosecuted in separate counts in the same
information, are of interest and value in the construction and
interpretation of this provision of our own statute adopted
from that of California. Prior to 1905 the statute of Cali-
fornia relative to the charging of but one offense in an in-
dictment or information was the same as our section 11847,
Revised Codes of 1921, in that it was provided by section 954
of the Penal Code of California that "The indictment or
information must charge but one offense, but the same offense
may be set forth in different forms under different counts,
* * * " *etc.* This section was amended by California in
1905 (Cal. Stats. 1905, p. 772, Chap. 574), so as to read:
"The indictment or information may charge different offenses,
or different statements of the same offense, under separate
counts, but they must all relate to the same act, transaction,
or event, and charges of offenses occurring at different and
distinct times and places must not be joined. The prosecu-
tion is not required to elect between the different offenses or
counts set forth in the indictment or information, but the

defendant can be convicted of but one of the offenses charged, and the same must be stated in the verdict." Under the amendment of 1905, it was held in the case of *People* v. *Piner*, 11 Cal. App. 542, 105 Pac. 780, that an information may properly charge the accused in one count with the crime of burglary and in another count with the crime of grand larceny as a part of the same transaction. And again, in the case of *People* v. *Miles*, 19 Cal. App. 223, 125 Pac. 250, it was held that, under the section as amended, the offenses of larceny, false pretenses or embezzlement, relating to the same transaction, may be charged in the same accusation. In neither of these cases was the question of whether a conviction could be had for more than one offense so charged, involved or considered. By the express language of the statute as it then stood by the amendment of 1905, the accused could be convicted of but one of the offenses charged.

Section 954 of the Penal Code of California was again amended in 1915 (Cal. Stats. 1915, p. 744) so as to provide, among other things, that "the indictment or information may charge two or more different offenses connected together in their commission, * * * " and it was expressly provided that "the defendant may be convicted of any number of the offenses charged." Since this second amendment, there have been two cases before the appellate courts of that state involving the precise question now under consideration. First, *People* v. *Evanoff*, 45 Cal. App. 108, 187 Pac. 54, where the indictment was in two counts, the first for obtaining money under false pretenses, and the second for grand larceny, both relating to the same act or transaction. Defendant was acquitted of the first charge and convicted of the second, and the court of appeals sustained the judgment of conviction. In the case of *People* v. *Powell*, 50 Cal. App. 436, 195 Pac. 456, the information was in two counts, one charging the crime of extortion and the other the crime of bribery, both growing out of the same transaction, and the defendant was found guilty under both counts and the convic-

tion sustained. As tending to support the same view, and
as construing section 954 of the California Penal Code, as
amended, the following decisions of the courts of that state
are of interest: *People* v. *Mayen* (Cal. App.), 205 Pac. 435;
*People* v. *Morales* (Cal. App.), 204 Pac. 1088; *People* v.
*Airola,* 46 Cal. App. 79, 188 Pac. 817; *People* v. *Shwartz,* 43
Cal. App. 696, 185 Pac. 686.

In the case of *People* v. *Piner, supra,* the court of appeals
of that state, in referring to the amendment made to section
954, which was, as has already been noted, prior to the
amendment, the same as our section 11847, Revised Codes of
1921, said: ''There is no claim put forward here that section
954 of the Penal Code, as amended in 1905, violates any pro-
vision of the Constitution, nor can we see how such a claim
could be sustained if it were urged.''

All of these California decisions are of value, because in
none of them is there any reference made to the section of
its Penal Code, *supra,* from which our section 11581 was
adopted. If this provision of the statute had been considered
by the supreme court of California as involving any inherent,
substantial right, independent of the procedural administra-
tion of the criminal law of that state, it is fair and reasonable
to assume that some reference would have been made to it in
one or more of these decisions. The presumption cannot be
indulged that this provision has been overlooked, during all
these years, by the bench and bar of that state in the ad-
ministration and enforcement of its criminal law. On the
other hand, we must believe and understand that it was at
all times in the minds of the bench and bar of California,
although no specific reference thereto has been made in any
of the reported cases. We therefore regard the provision
as we believe it has been regarded by the courts of California
as relating to the procedural administration of the criminal
law.

The power of the legislature to make acts criminal which were
[2]   before innocent, to make provision for the apprehension

and trial of one accused of the violation of any act made an offense under the law, and to ordain punishment for such violation even where none before could have been inflicted, is absolute, provided no constitutional restriction or guaranty is violated. This right, within constitutional limitations, to enact a Criminal Code and to make such changes thereto from time to time which it shall deem expedient for the protection of private rights and the prevention and punishment of public wrongs is committed to the discretion of the legislative body. (*Commonwealth* v. *Alger,* 7 Cush. (Mass.) 53; *Powell* v. *Commonwealth,* 114 Pa. 265, 60 Am. Rep. 350, 7 Atl. 913; *Id.,* 127 U. S. 678, 32 L. Ed. 253, 8 Sup. Ct. Rep. 992, 1257 [see, also, Rose's U. S. Notes]; *People* v. *Most,* 128 N. Y. 108, 26 Am. St. Rep. 458, 27 N. E. 970; *Lawton* v. *Steele,* 119 N. Y. 226, 16 Am. St. Rep. 813, 7 L. R. A. 134, 23 N. E. 878; *Pine* v. *Commonwealth,* 121 Va. 812, 93 S. E. 652.) In other words, the question of procedure for the prosecution and conviction of one accused of crime is solely a legislative function with which the judiciary will not interfere so long as a constitutional right or guaranty is not invaded.

The foregoing brings us to the questions: First, whether in a prosecution under the state Prohibition Act of 1921 the procedure is to be under section 31 of that Act, so far as is provided therein; and, second, what effect, if any, section 11581 has on a prosecution brought under section 31, where two or more offenses are charged in the same information.

It is a familiar principle of statutory construction that the intention of the legislature, if it can be ascertained, is to be [3] looked to as a guide. It is quite evident, and we think it is conceded, that in the enactment of the Prohibition Law of 1921 the prime, fundamental purpose of the legislature was to harmonize the state Enforcement Act with the federal statute. (*State* v. *Dishman,* 64 Mont. 530, 210 Pac. 604.) In doing so, it provided (sec. 11078, *supra*) that in an information for the violation of the Act separate offenses may be united in separate counts, and the defendant tried on all at one trial

and the penalty for all offenses imposed. No distinction was made between offenses arising out of the same or out of different acts or transactions. At the time we adopted this federal statute this section had not been construed by the supreme court of the United States, nor has it been construed by it since then, so that in its construction and interpretation, so far as relates to the particular questions now under consideration, we are not aided by any United States supreme court decision except as to the general principles involved. It is to be noted, however, and we think it important in view of the fact that we are now construing a statute admittedly taken from the federal statute, that the United States supreme court, long prior to the enactment of the federal Prohibition Law, had recognized and applied the rule as to joinder of offenses originating in the same act or transaction, as will be ascertained from an examination of the United States supreme court and federal court decisions cited herein.

It is the rule of construction that, where a new remedy or [4] mode of procedure is authorized by a new statute, and the new procedure is inconsistent with the former one, the latest expression of legislative will must govern; however, to the extent only as provided in the new Act (36 Cyc. 1073; *Arzonico v. Board of Education,* 75 N. J. L. 21, 69 Atl. 450). Thus, where an offense is created by statute, and the same statute prescribes a penalty with the mode of procedure, only that which the statute prescribes can be followed. (25 R. C. L., subject "Statute," sec. 284.)

In the case of *State* v. *Snuggs,* 85 N. C. 541, it is said: "The statute not only creates the offense, but fixes the penalty that attaches to it, and prescribes the method of enforcing it, and the rule of law is that wherever a statute does this, no other remedy exists than the one expressly given, and no other method of enforcement can be pursued than the one prescribed. The mention of a particular mode of proceeding excludes that by indictment, and no other penalty than the one denounced can be inflicted."

It is said by Sutherland in his work on Statutory Construction (volume 1, section 249) : ''An affirmative enactment of a new rule implies. a negative of whatever is not included or is different; and if by the language used a thing is limited to be done in a particular form or manner, it includes a negative that it is not to be done otherwise.''

Applying these rules of construction to section 31 of the Prohibitory Act of 1921, then such section is to be harmonized with sections 11847 and 11581, *supra,* so as to give full force and effect to the former. In order to give full effect to section 31 of the state Act, it must, therefore, be assumed that the legislature intended it to be supplemental to and in substitution of the prior statutes, so far as provided thereby, in prosecutions under the Act. The legislature has seen proper to provide a different method of procedure in the respects mentioned for the enforcement of the Prohibition Law of this state. Its right to do so, as has been noted, was absolute, unless some constitutional right or guaranty of the one accused has been invaded.

We are therefore brought to the consideration of the question of whether there is anything in the Constitution, either federal or state, which prohibits either the uniting of separate offenses growing out of the same act or omission in one information, or the conviction of the person so accused in one information of two or more of such separate offenses. While section 11078, *supra,* as noted, makes no distinction between offenses arising out of separate transactions and separate offenses growing out of the same transaction, we are in this case concerned only with separate offenses growing out of the same transaction, for the record discloses that in this case the three offenses charged grew out of the same acts or transactions.

Our constitutional guaranty, following that of the national Constitution, is that ''no person shall * * * be twice put in jeopardy for the same offense.'' (Sec. 18, Art. III, Mont. Const.) This does not have reference to *acts* which,

by statute, are made one or more separate offenses, but to *offenses* only. It is section 11078, *supra,* not the Constitution, that has reference to an act or omission which might be a violation of several statutes, and therefore constitute several offenses. It is for the legislature, not the courts, to define crime and ordain its punishment, and there is not any constitutional prohibition, as will be noted herein, against the legislature making a single act an offense against two or more statutes or two or more provisions of the same statute. The test is whether a verdict of either acquittal or conviction of one or more of the offenses charged in the information could be interposed as a plea of "former jeopardy" as a bar to a prosecution for any of the other offenses charged therein.

The constitutional right to immunity from a second prosecution for the same offense is measured by the meaning of the term "jeopardy" as employed in the constitutional provision, and as said by this court in the case of *State* v. *Gaimos, supra,* speaking by Mr. Justice Sanner: "This is to be ascertained from the state of the law when the Constitution was adopted, not from subsequent legislation. * * * " Prior to the adoption of the Constitution, the supreme court of the then territory of Montana, in the case of *Territory* v. *Willard,* 8 Mont. 328, 21 Pac. 301, and very shortly before the adoption of the Constitution, had before it the plea of *autrefois convict* upon an indictment for burglary. The accused had burglarized a saloon and stolen therefrom cigars and wines. Two indictments were found against them, one for larceny and the other for burglary. They were first tried and convicted of larceny, and, upon being arraigned for trial on the burglary charge, they pleaded the former conviction in bar. It was conceded that the goods described in the larceny indictment were the identical goods which in the burglary indictment it was charged the defendants intended to steal. The court said: "It is plain from the definitions that they are two distinct crimes; and the larceny is not necessarily in-

cluded in the burglary. In order to sustain the indictment for burglary it would only be essential to prove the felonious entry with the intent, while to convict on the charge of larceny it becomes necessary to show the taking, for the entry may have been without any felonious intent. Burglary, on the other hand, may, as it frequently does, exist without actual theft; and larceny may be committed without burglary. Therefore, in making out the case of larceny the prosecution need not show any burglarious intent or entering.   *   *   * The burglary need not have been offered to make out the case of larceny, and if it was so offered, it was entirely unnecessary. Nor could the two offenses have been included in the same indictment without violating the statute (Crim. Laws Mont., Div. III, sec. 188), which declares in unmistakable language that an indictment shall charge but one offense. The case of *Territory* v. *Fox*, 3 Mont. 440, affirms this view of the law, and virtually disposes of the case under consideration."

The supreme court of Massachusetts in the leading case of *Morey* v. *Commonwealth*, 108 Mass. 433, speaking by Judge Gray, applies the rule as follows: "A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other. The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."

The Massachusetts case *supra* was cited with approval in *Carter* v. *McClaughry*, 183 U. S. 367, 46 L. Ed. 236, 22 Sup. Ct. Rep. 181 [see, also, Rose's U. S. Notes], in which the court, in speaking of the identity of offenses charged, said:

[65 Mont. 431.]

"The offenses charged under this article were not one and the same offense. This is apparent if the test of the identity of offenses that the same evidence is required to sustain them be applied.· The first charge alleged 'a conspiracy to defraud,' and the second charge alleged 'causing false and fraudulent claims to be made,' which were separate and distinct offenses, one requiring certain evidence which the other did not. The fact that both charges related to and grew out of one transaction made no difference."

In *Gavieres* v. *United States*, 220 U. S. 338, 55 L. Ed. 489, 31 Sup. Ct. Rep. 421, the court had under consideration the question of double jeopardy growing out of the violation, first, of the Penal Code (Art. 257) of the Philippine Islands, and second, of the violation of an ordinance of the city of Manila, both growing out of the same act or transaction. The first, the violation of the Penal Code, involved the crime of calumniating, outraging and insulting a public official in the exercise of his office by word of mouth and in his presence, and the second the violation of the ordinance of the city of Manila in being drunk or intoxicated. The court says: "It is true that the acts and words of the accused set forth in both charges are the same; but in the second case it was charged, as was essential to conviction, that the misbehavior in deed and words was addressed to a public official. In this view we are of opinion that while the transaction charged is the same in each case, the offenses are different." The court then quotes from *Burton* v. *United States*, 202 U. S. 344, 380, 6 Ann. Cas. 392, 50 L. Ed. 1057, 26 Sup. Ct. Rep. 688, 698, as follows: "It must appear that the offense charged, using the words of Chief Justice Shaw, 'was the same in law and in fact. The plea will be vicious if the offenses charged in the two indictments be perfectly distinct in point of law, however nearly they may be connected in fact.' " The opinion then says: "Applying these principles, it is apparent that evidence sufficient for conviction under the first charge would not have convicted under the second

indictment. In the second case it was necessary to aver and prove the insult to a public official or agent of the authorities, in his presence or in a writing addressed to him. Without such charge and proof there could have been no conviction in the second case. The requirement of insult to a public official was lacking in the first offense. Upon the charge, under the ordinance, it was necessary to show that the offense was committed in a public place open to public view; the insult to a public official need only be in his presence or addressed to him in writing. Each offense required proof of a fact, which the other did not. Consequently a conviction of one would not bar a prosecution for the other. * * * In the case at bar the offense of insult to a public official, covered by the section of the Philippine Code, was not within the terms of the offense or prosecution under the ordinance. While it is true that the conduct of the accused was one and the same, two offenses resulted, each of which had an element not embraced in the other.''

These three decisions of the supreme court of the United States are again referred to with approval in the case of *Morgan* v. *Devine,* 237 U. S. 632, 59 L. Ed. 1153, 35 Sup. Ct. Rep. 712, which involved a prosecution in one count for breaking into a postoffice, and in another count for committing larceny therein, both growing out of the same transaction. Upon a conviction the accused was sentenced separately under each, and, after serving his sentence for the one, he applied for a writ of *habeas corpus,* claiming a right to be released upon the ground of double jeopardy because the several things charged were done at the same time and as a part of the same transaction, and the court says, in disposing of this contention: ''As to the contention of double jeopardy upon which the petition of *habeas corpus* is rested in this case, this court has settled that the test of identity of offenses is whether the same evidence is required to sustain them; if not, then the fact that both charges relate to and

grow out of one transaction does not make a single offense where two are defined by the statutes."

These United States supreme court decisions have since then been uniformly followed by the United States district courts and the United States circuit courts of appeal. (*United States* v. *Luther* (D. C.), 260 Fed. 579; *In re Farlow* (D. C.), 272 Fed. 910; *Ex parte Poole* (D. C.), 273 Fed. 623; *Ex parte Lamar* (C. C. A.), 274 Fed. 160; *Rose* v. *United States* (C. C. A.), 274 Fed. 245; *Rosenthal* v. *United States* (C. C. A.), 276 Fed. 714; *Caudle* v. *United States* (C. C. A.), 278 Fed. 710; *United States* v. *Cleveland* (D. C.), 281 Fed. 249; *Massey* v. *United States* (C. C. A.), 281 Fed. 293.)

The case of *United States* v. *Cleveland, supra,* was a prosecution under the National Prohibition Act of October 28, 1919 (41 Stat. 305), in which the court had under consideration section 32 of Title 2 of that Act, which is the same as section 31 of our Act, and the court said: "In reading this section I find authority for the indictment to contain as many separate counts as offenses may have been committed, but each offense must be charged in separate counts though they may all be tried at one time."

In the case of *Massey* v. *United States, supra,* the plaintiff in error was found guilty of two violations of the National Prohibition Act, the first, illegal possession, and the second, illegal transportation, of intoxicating liquor, both charged in the same information. It was urged that the court erred in refusing the government to elect to prosecute upon only one count contained in the information, because but one transaction was involved. In disposing of this contention the court said: "There was evidence that the defendant transported intoxicating liquor in an automobile, and then carried it into a dwelling-house, where he was in possession of it. The National Prohibition Act penalizes the illegal possession, as well as the illegal transportation, of such liquor. Transportation involves elements of carriage or removal from one place to another that are not involved in mere possession.

Separate acts, though parts of a continuous transaction may be made separate crimes by the legislative power, as in the case of one who unlawfully breaks and enters a building with intent to steal, and thereupon does steal while in the building. * * * The two offenses here involved were distinct, because the evidence to support the charge of possession was not sufficient to support the charge of transportation, without proof of an additional fact. (*Gavieres* v. *United States*, 220 U. S. 338, 342, 55 L. Ed. 489, 31 Sup. Ct. Rep. 421.)''

In the case of *Rose* v. *United States, supra,* the defendants were convicted of the unlawful sale of intoxicating liquor in violation of the Act of Congress of October 28, 1919, upon an indictment charging them with the unlawful sale and the unlawful possession of intoxicating liquor in violation of the National Prohibition Act.

These federal decisions involving the construction of the National Prohibition Act, and particularly section 32 thereof, are of very great value in the determination of the question now under consideration. While recognizing the rule that these decisions are not binding upon this court, their holding and reasoning are persuasive, particularly in view of the fact that the purpose of the enactment of the prohibitory law of this state was to harmonize the enforcement thereof with the federal Act. Therefore the decisions of the federal circuit and district courts will be followed unless it should be made to appear, which has not been done, that they are wrong in reasoning, or that to follow them would be violative of some constitutional or statutory provision of our own state.

It is not necessary to multiply authorities in support of the conclusions reached by us. These conclusions are supported by the courts and text-writers, with but few exceptions. (17 Am. & Eng. Ency. of Law, 2d ed., 596; 16 C. J., sec. 444, p. 264; 23 Cyc. 219; 2 Woollen & Thornton on the Law of Intoxicating Liquors, sec. 853; 12 Standard Ency. of Procedure, p. 528; 14 R. C. L., subject ''Indictments or Informations,'' sec. 41; 14 Standard Ency. of Procedure, 433.)

A few illustrations will suffice: It has been held that a conviction of maintaining a common nuisance is no bar to an indictment for illegally keeping intoxicating liquors for sale (*State* v. *Wold,* 96 Me. 401, 52 Atl. 909), or for being a common seller of intoxicating liquors (*State* v. *Inness,* 53 Me. 536; *Commonwealth* v. *Baldwin,* 213 Mass. 238, 100 N. E. 358), or for an illegal sale (*Gitchell* v. *People,* 146 Ill. 175, 37 Am. St. Rep. 147, 33 N. E. 757); that a conviction of selling intoxicating liquor in prohibition territory is not a bar to a conviction for a single sale (*State* v. *Maher,* 35 Me. 225), and *vice versa* (*Barnes* v. *State,* 79 Tex. Cr. 395, 185 S. W. 2). The following offenses also have been held so distinct that a prosecution for one will not bar a prosecution for the other: Keeping liquor for sale and keeping a place in which they may be so sold (*State* v. *Moriarty,* 50 Conn. 415); keeping for sale and selling (*Johns* v. *State,* 13 Ala. App. 283, 69 South. 259); selling to a minor and selling otherwise illegally (*Ruble* v. *State,* 51 Ark. 170, 10 S. W. 262); selling on Sunday and selling without a license (*Smith* v. *State,* 105 Ga. 724, 32 S. E. 127); selling without a license and selling in local option territory (*Todd* v. *State,* 60 Tex. Cr. 199, 139 S. W. 606); illegal sales and maintaining a nuisance (*State* v. *McLaughlin,* 47 Kan. 143, 27 Pac. 840; *Gitchell* v. *People, supra*); selling without a license and keeping for illegal sale (*Hons* v. *State,* 50 Neb. 150, 69 N. W. 838); manufacturing for sale, being a common seller, and making a single sale properly joined in one transaction (*Commonwealth* v. *Clark,* 14 Gray (Mass.), 367). To the same effect, *State* v. *McGloria,* 111 Kan. 379, 207 Pac. 645.

In *Commonwealth* v. *Vaughn,* 101 Ky. 603, 45 L. R. A. 858, 42 S. W. 117, a conviction for furnishing intoxicating liquor to a minor without legal authority was held not to bar a prosecution for selling the liquor without a license where the sale to the minor is an offense irrespective of the license, and the sale without a license is an offense whether sold to a minor or other person. In the note to L. R. A., in reporting this

case, it is said: "Although in this class of cases the act of the defendant in selling the liquor may be identically the same in both prosecutions, yet the offenses may be separate and distinct, and two different laws or statutes may be violated. For this reason, therefore, a conviction of one offense will not bar a prosecution for the other, or entitle the defendant to the plea of former jeopardy, *autrefois convict* or *autrefois acquit,* as such plea can only avail a defendant who has already been convicted or acquitted upon the same charge or offense for which he is charged a second time, or, in other words, when the two offenses are *identically the same.*"

The supreme court of Wisconsin, in the case of *State* v. *Faull,* 189 N. W. 274, in construing an information in two counts drawn under a provision of the prohibition law of that state in the identical language of section 32 of the federal Act and our section 31 of the Prohibition Act of 1921, held that it was proper to charge the defendant thereunder with the unlawful sale of intoxicating liquors on two separate dates.

The defendant has cited in support of his contention two Oklahoma cases: The first, *Estep* v. *State,* 11 Okl. Cr. 103, 143 Pac. 64, where it was held that an acquittal on an information charging the defendant with unlawfully keeping and maintaining a place in which certain liquors were kept for the purpose of selling was a bar to a subsequent prosecution charging the defendant with unlawfully having possession of intoxicating liquor with intent to violate the provisions of the prohibition law of that state; and the second, *Jackson* v. *State,* 11 Okl. Cr. 523, 148 Pac. 1059, where the court held that an acquittal of the charge of unlawfully carrying and conveying intoxicating liquors was a bar to a subsequent prosecution for unlawfully having in his possession the same intoxicating liquors with the intent to sell the same. In both cases the test applied was whether the same testimony would support both charges, and it was held that it would. Assuming, as we do, that the court made the correct application of the test to the evidence before it under the law of that

state, the decision is not at all persuasive on this court by reason of the dissimilarity of the prohibitory laws of the two states.

Defendant also cites two Missouri cases. The first, *State* v. *Needham,* 194 Mo. App. 201, 186 S. W. 585, was a prosecution for unlawfully keeping, storing and delivering to another person intoxicating liquor, to which a plea in abatement was filed alleging that the defendant had previously been acquitted on a charge of selling the intoxicating liquors involved in the same transaction. Appellant contended that he could not have been guilty of delivering the whisky independent of the sale. The court held that the delivery was only one step in the transaction, and, there having been a trial for an offense which included the delivery, that the prosecution could not therefore again prosecute for the delivery. By reason of the language of the statute of that state probably no quarrel could be had with the court's conclusion. The other Missouri case cited, *State* v. *Linton* (Mo. App.), 217 S. W. 874, is not any authority either for or against defendant's contention made in this court, because the court did not, in its opinion, decide the question presented. The case was first heard in the court of appeals (217 S. W. 874), and, by reason of a constitutional question being involved, under the practice in that state, the cause was transferred to the supreme court for consideration of that constitutional question, and when considered by the supreme court (283 Mo. 1, 222 S. W. 847) was not considered upon the question of the information charging two separate offenses growing out of the same transaction, because it was held that one of the counts did not contain sufficient facts to constitute a crime. It therefore is not any authority for or against the proposition contended for by appellant in this case.

The only other case cited by defendant on this question is *Woodworth* v. *State,* 185 Ind. 582, 114 N. E. 86, but, instead of being an authority for, it is against, the defendant. There the indictment was in three counts. The first two were

dismissed before the case went to the jury. The third charged that the appellant unlawfully kept, ran and operated a place therein described where intoxicating liquors were sold, bartered and given away, in violation of the laws of that state. Appellant contended that evidence of a sale made on a previous date to that charged in the information, on which it was alleged that he was engaged in operating a place where intoxicating liquors were sold in violation of the law, was not admissible for the reason that he had been once convicted and punished for making such sale, and that the state, having elected to punish him once under one provision of the law, could not punish him a second time for the same act under another provision. The court in disposing of this contention, said: "A single act may constitute two or more distinct and separate offenses; and if the language quoted is to be understood as meaning that, in such a case, the state must elect upon which offense it will proceed, and that a conviction of one offense will bar a prosecution for the other, we cannot regard it as a proper statement of the law. It has been held that a single sale of intoxicating liquors made by a person not having a license to a person under twenty-one years of age constitutes two separate offenses, and that the one offending may be convicted of both"—citing *State* v. *Gapen,* 17 Ind. App. 524, 45 N. E. 678, 47 N. E. 25, in which the court applied the same test as is applied by the supreme court of the United States, as follows: "We are of the opinion that the two offenses are entirely distinct, and that the defendant has not been twice in jeopardy. The rule is stated in some of the cases to be as follows: The true test, to determine whether the plea of former conviction or former acquittal is a good bar, is to decide whether the crimes as charged are so far distinct that the evidence which would sustain the one would not sustain the other. If they are so distinct, there has been no former jeopardy."

We are convinced of the soundness of the principles enunciated in the cases here referred to in support of the propo-

sition under consideration, and that to follow them in so far
as is clearly provided by the legislative enactment on the
subject of the enforcement of the prohibition laws of this
state would be entirely consistent with our constitutional
guaranty of immunity from a second prosecution for the same
offense, and with our Criminal Practice Act, as supplemented
by the Prohibition Act in the respects mentioned.

Our opinion is that the authorities cited herein sustain the
[6] principle that the true test to be applied in cases of
this nature is whether the same evidence would sustain a
conviction under each count, or does each count require proof
of an additional fact which the others do not. Or, to state
it in another way: Would the evidence required to support
a conviction upon one of the counts have been sufficient to
warrant a conviction upon the others? Applying this test,
it is apparent that in the information in this case the same
evidence would not sustain a conviction under each count;
that each count required proof of an additional fact which the
others did not.

It is apparent that evidence sufficient to convict for unlaw-
fully selling intoxicating liquor would not alone support a
conviction for either the unlawful possession of such liquor
or for maintaining a nuisance. A person may be unlawfully
in possession of intoxicating liquor without making any sale
thereof or being guilty of maintaining a nuisance, and be
convicted of such unlawful possession. In order to convict
for maintaining a common nuisance under section 19 of the
Act, there must be proof of the keeping or possession of the
place where the liquor is either unlawfully kept or sold,
which element is not necessary to the proof of either the crime
of unlawfully selling or unlawfully possessing intoxicating
liquor.

The supreme court of Georgia in the case of *Phillips* v.
*State,* 27 Ga. App. 1, 107 S. E. 343, gives an apt illustration
of the application of the test, and of a possible anomalous
situation if it be not applied in this kind of cases, in the

following language: "If the plea in bar in this case is good, then one who has legally had in his possession liquors for either of the purposes embraced in these exceptions could sell the same and go 'scot-free,' should he be indicted, as in this case, for having liquor in his possession and for selling it, and be tried first, for having it in his possession, and upon his trial show that his possession was legal under the exceptions, and be acquitted, and then plead his acquittal in bar of the other indictment."

By specifications of error defendant challenges the sufficiency of each count of the information to state an offense, but his brief does not discuss any of these assignments and the court is not informed of defendant's ground, if any, of attack. Each count, in our opinion, states an offense.

It is urged that, the information in the first count having [7] charged the defendant with selling whisky, the conviction cannot be sustained because it is claimed that the defendant sold, if he sold anything, "ethyl alcohol." There is not any merit in the contention. The information charged the unlawful sale of "certain intoxicating liquors, known as whisky." The words "known as whisky" were surplusage. The information was sufficient without them. (Sec. 11111, Rev. Codes 1921; *State* v. *Fredericks, ante,* p. 25, 211 Pac. 495.) But, even though no surplusage, the proof showed that the intoxicating liquor sold was whisky, of the "moonshine" kind, and that it contained forty-nine per cent ethyl alcohol by volume.

For like reason the court properly gave instruction No. 11, defining the phrase "intoxicating liquor" in the language of section 11048, Revised Codes of 1921.

Complaint is made of the refusal to give two instructions [8] respecting the consideration and weight to be given to the testimony of paid detectives. Outside of the brief statement that it is believed that the trial court erred, no argument or citation of authority is made in support of this assignment. The jury were fully instructed as to the weight

and credibility to be given to the testimony of all witnesses, and there was not any error in the refusal to give the requested instructions. (*State* v. *Tudor*, 47 Mont. 185, 131 Pac. 632; *State* v. *Wakely*, 43 Mont. 427, 117 Pac. 95; *State* v. *O'Brien*, 35 Mont. 482, 10 Ann. Cas. 1006, 90 Pac. 514.)

Complaint is made of the verdict and of the judgment [9] entered thereon, because the verdict rendered on the first and third counts purported to fix the punishment for each "at thirty days," without specifying where the time should be served. No objection was made by the defendant to the verdict at the time of its rendition, and the court was not requested to send the jury out again, under proper instructions, to supply the omission, if there was any. Therefore, whether a verdict in this form is in itself sufficient need not be considered in view of section 12028, Revised Codes of 1921, and the holding of this court in *Re Gomez*, 52 Mont. 189, 156 Pac. 1078.

We have examined the evidence, and find it sufficient to sustain the verdict of guilty of each of the three offenses charged in the information.

No error appearing in the record, the judgment and the order appealed from are affirmed.

*Affirmed.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.

MR. CHIEF JUSTICE CALLAWAY did not hear the argument, and takes no part in this decision.