[Crim. No. 488.   Third Appellate District.—February 9, 1920.]

## THE PEOPLE, Respondent, v. AUGUSTINE AIROLA, Jr., Appellant.

[1] CRIMINAL LAW—RAPE—VERDICT—APPEAL—SUFFICIENCY OF EVIDENCE.—Where it is a rational inference from the facts and circumstances testified to by the prosecutrix in a prosecution for the crime of rape that the defendant committed the crimes charged in the information, and her statements are believed by the jury and by the trial judge, the appellate court is not justified in saying that there is no legal foundation for such belief and the verdict in accordance therewith. It is sufficient for the appellate court to know and to say that there is nothing inherently improbable in the evidence pointing to the guilt of defendant, and that, in a legal sense, it amply supports the verdict.

[2] ID.—ARRAIGNMENT OF DEFENDANT—PLEA—RECORD—PRESUMPTION THAT OFFICIAL DUTY PERFORMED.—Where the record on appeal from the verdict and judgment of conviction in a prosecution for the crime of rape shows that after the clerk, under instruction of the court, duly arraigned the defendant, "the defendant was asked if he was ready to enter a plea and he stated that his plea was not guilty," it will be presumed, in the absence of a showing by the appellant to the contrary, that official duty was performed and that there was no departure from the accustomed proceeding.

[3] ID.—ARRAIGNMENT—PLEA—INFORMALITY WITHOUT PREJUDICE.—Where the record in such prosecution shows that the defendant pleaded not guilty to whatever offense was charged in the information, any informality in that respect was entirely without prejudice.

[4] ID.—INFORMATION CHARGING THREE SEPARATE OFFENSES AUTHORIZED.—An information in a prosecution for the crime of rape charging the defendant in separate counts of three separate offenses of the same kind against the prosecutrix on the same day is authorized by section 954 of the Penal Code.

APPEAL from a judgment of the Superior Court of Calaveras County.   J. A. Smith, Judge.   Affirmed.

The facts are stated in the opinion of the court.

1. Proof of *corpus delicti* in prosecution for rape, notes, 68 L. R. A. 56, 70, 71, 73; L. R. A. 1916B, 747.
Evidence of complaints of injured persons in actions for rape, notes, 2 Ann. Cas. 234; 11 Ann. Cas. 99.

Virgil M. Airola for Appellant.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—The defendant was convicted of the crime denounced by section 261 of the Penal Code, the female being of the age of thirteen years. The only point made by the appellant in his opening brief is that the evidence is insufficient to support the verdict. There is no merit whatever in the contention. [1] The prosecutrix testified to facts and circumstances from which it is a rational inference that the defendant committed the crimes charged in the information. The jury undoubtedly believed that her statements as to material matters were worthy of credit, and we are not justified in saying that there is no legal foundation for such belief and the verdict in accordance therewith. The trial judge, also, on the motion for a new trial, had an opportunity to review the sufficiency of the evidence and he was satisfied that the defendant was properly convicted. We have no right, if we had the inclination, to interfere with the determination of the jury and the judge. The responsibility of determining the guilt or innocence of the accused was theirs, not ours. It is true that there are some inconsistencies and contradictions in the testimony of the prosecutrix, but that does not warrant us in setting aside the verdict. It is sufficient for this court to know and to say that there is nothing inherently improbable in the evidence pointing to the guilt of defendant, and that, in a legal sense, it amply supports the verdict.

The recital of the evidence would accomplish no good, and, in answer to the criticism by appellant of the story told by the prosecutrix, it is sufficient to refer to *People* v. *Lewis,* 18 Cal. App. 359, [123 Pac. 232]; *People* v. *Preston,* 19 Cal. App. 675, [127 Pac. 660]; *People v. Crawford,* 24 Cal. App. 396, [141 Pac. 824]; *People* v. *Slaughter,* 33 Cal. App. 366, [165 Pac. 44]; *People* v. *Kaiser,* 119 Cal. 456, [51 Pac. 702]; *People* v. *Moore,* 155 Cal. 237, [100 Pac. 688]. We may add that there was some corroborative evidence, which, no doubt, was duly considered in the court below.

[2] In his closing brief appellant makes the additional point that "the trial and judgment were a mere nullity as no plea was ever entered by the defendant to the offenses charged in the information and no issue joined therein."

The record shows that on July 9, 1919, "Under instruction of the court the clerk duly arraigned the defendant. The court asked the defendant if he was ready to enter a plea to the information and through his counsel he answered that he was not. The defendant then asked for additional time in which to plead. The request was granted and the case was continued until Wednesday, July 16, 1919.." The record for July 16th shows the following: "The defendant was asked if he was ready to enter a plea and he stated that his plea was not guilty. The trial of this case was then set for Monday, August 11, 1919." This was a substantial compliance with the requirement of section 1017 of the Penal Code. The plea of not guilty put in issue every material allegation of the information. (Pen. Code, sec. 1019.) Appellant complains that "it does not appear by whom the defendant was asked the question nor does it appear whether or not the 'plea' mentioned had reference to this case. It does not appear that the defendant was asked by the *court or by the clerk or district attorney under its direction,* whether he pleads guilty or not guilty to the information, as provided by section 988 of the Penal Code." But the burden is upon appellant to show error, and if the matters referred to should be deemed material, in the absence of a showing to the contrary, the presumption would follow that official duty was performed and that there was no departure from the accustomed proceeding. [3] The record, indeed, does show with sufficient precision that the defendant pleaded not guilty to whatever offense was charged in the information, and, it may be added, that if there was any informality in that respect, it was entirely without prejudice. (*People* v. *Tomsky,* 20 Cal. App. 672, [130 Pac. 184].)

[4] At the oral argument the point was made for the first time that the defendant should not have been charged with three separate offenses in one information. This course was authorized by section 954 of the Penal Code, providing that, "The indictment or information may charge two or more different offenses connected together in their commission, or different, statements of the same offense, or

two or more different offenses of the same class of crimes or offenses, under separate counts,'' etc.

Herein the defendant was accused in separate counts .of three offenses of the same kind against the prosecutrix on the same day. We can see no valid objection to the procedure. As said in *Korth* v. *State,* 46 Neb. 640, [65 N. W. 795]: ''The offenses were all of the same general character, required for their proof the same quality of testimony, the same manner of trial and mode of punishment, and it was proper to try the offender upon the several counts at the same time.'' In said opinion many authorities are cited in support of said ruling of the court.

Some of the cases hold that where different offenses are charged the prosecution, although permitted to introduce evidence of all of them, may be put to an·election as to which a conviction will be demanded. However, that question is not presented here, as no such demand was .made. We may add that if the defendant had desired to be tried separately on each count he should have made it known and, no doubt, the learned trial judge would have exercised a wise discretion as contemplated by said section 954, providing: ''That the court, in the interest of justice and for good cause shown, may, in its discretion, order that the different offenses or counts set forth in the indictment or information be tried separately, or divided into two or more groups and each of said groups tried separately.''

We see no· occasion for more extended consideration of the case.

The judgment and order are affirmed.

Ellison, J., *pro tem.,* and Hart, J., concurred.