STATE, RESPONDENT, *v.* GRASSWICK, *alias* ERICKSON, APPELLANT.

(No. 5,991.)

(Submitted October 20, 1926. Decided November 1, 1926.)

[250 Pac. 613.]

*Intoxicating Liquor — Information—Counts—Plea—Sufficiency —Evidence—Insufficiency.*

Intoxicating Liquor—Information—Counts—Plea—What Sufficient.
    1. Defendant was charged with liquor violations in four counts; he entered a plea of not guilty "to the offense charged." Two counts were dismissed, and he was found guilty on the remaining two. *Held*, as against the contention that the conviction cannot be sustained because defendant never pleaded to the charges contained in the two counts on which conviction was had but pleaded only to one offense, not ascertained, that his plea was to the information as a whole as authorized by section 11907, Revised Codes, and therefore sufficient.

Same—Information—Informalities Nonprejudicial.
    2. While under section 11847, Revised Codes, an information must charge but one offense, under section 11908 any number of offenses against the Prohibition Act may be charged in separate counts in one information and where defendant pleaded to the information in a liquor prosecution containing a number of counts (see par. 1 above), any informality in that respect did not tend to his prejudice and must, therefore, under section 11874 be disregarded on appeal.

Same—Identity of Defendant—Evidence—Insufficiency.
    3. Evidence *held* insufficient to warrant conviction of defendant on a liquor charge where the only testimony that defendant was

---

    1. See 8 R. C. L. 110.
    2. Joinder of two or more offenses in one indictment or information, see note in 58 Am. Dec. 238.

, [77 Mont. 326.]

the man who committed the act charged was that of an enforcement officer who based his statement that he was, on information obtained from a third person, the officer himself never having seen defendant before he purchased liquor from him nor thereafter, where a description of the man was lacking, and where, defendant not being present at the trial, identification of him was impossible.

[1] Criminal Law, 16 C. J., sec. 712, p. 387, n. 39; sec. 725, p. 395, n. 71; sec. 774, p. 430, n. 84.

[2] Criminal Law, 16 C. J., sec. 774, p. 430, n. 88; sec. 3073, p. 1302, n. 35 New.

[3] Criminal Law, 16 C. J., sec. 1239, p. 625, n. 55; sec. 1584, p. 774, n. 49. Intoxicating Liquors, 33 C. J., sec. 505, p. 761, n. 53; sec. 510, p. 764, n. 1.

*Appeal from District Court, Pondera County; John J. Greene, Judge.*

EMIL GRASSWICK, *alias* Emil Erickson, was convicted of selling and possessing intoxicating liquor, and appeals from the judgment and the order denying him a new trial. Reversed and remanded.

*Messrs. Arnot & Doyle,* for Appellant, submitted a brief; *Mr. D. W. Doyle* argued the cause orally.

*Mr. L. A. Foot,* Attorney General, *Mr. I. W. Choate,* Assistant Attorney General, and *Mr. R. M. Hattersley,* County Attorney of Pondera County, submitted a brief; *Mr. Choate* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Appeal from a judgment of conviction and order denying defendant a new trial.

On November 14, 1925, the county attorney of Pondera county, by information duly filed, charged that one "Emil Grasswick, *alias* Emil Erickson," was guilty of violating the prohibition laws of this state. The information contained four counts charging (1) selling, (2) transporting, (3) possessing intoxicating liquor, and (4) maintaining a nuisance. The defendant was not brought into court for arraignment, but appeared by counsel, waived the reading of the information,

stated that the true name of the defendant was Emil Grasswick, accepted a copy of the information, waived the statutory time in which to plead, and "entered a plea of not guilty to the offense charged."

On April 6, 1926, the case was called for trial and again the defendant did not appear personally, but did appear by counsel, who moved that the case be continued for the term. No ruling on the motion appears in the record, but the court proceeded with the trial in the absence of the defendant. During the trial counts 2 and 4 were dismissed, and thereafter the defendant was convicted on counts 1 and 3 and judgment of conviction thereon entered. Thereafter defendant moved for a new trial on the grounds of insufficiency of the evidence to justify the judgment and newly discovered evidence, which motion was denied.

The defendant contends that the judgment and order cannot be sustained for the following reasons: (1) That the defendant never pleaded to the charge contained in count 1 or in count 3; (2) that count three does not charge a public offense, in that no venue is laid and the language of the count is ambiguous and unintelligible; (3) that there is no substantial evidence to support the judgment, in that no competent proof was submitted identifying the defendant as the person who committed the crime charged and proved; and (4) that the court erred in denying defendant's motion for a new trial.

1. The entry made by the clerk on arraignment of the [1] defendant contains the word "offense" only, from which counsel argue that the defendant pleaded to but one offense, not ascertained, and not to the offenses charged in the information.

It is, of course, necessary, before a defendant can be placed on trial, that he be arraigned; that he plead to the offense or offenses charged in the information; and that his plea be entered in the minutes of the court. (Secs. 11875, 11888, 11908, Rev. Codes 1921.) But the plea is "to the information" (sec. 11907, *Id.*), and the form of the plea of not guilty is prescribed

in section 11908, to-wit: "The defendant pleads that he is not guilty of the offense charged." The plea made and entered followed the mandate of the statute.

It is true that the form was prescribed at a time when the [2] charging of more than one offense in an information was not known in this state, as the Code then declared that an information must charge but one offense (sec. 11847, Rev. Codes 1921); but counsel for the defendant pleaded to the information as a whole without designating any particular offense and clearly intended that such plea should go to any offense charged in the information, and, whatever may be the proper method of pleading under section 11908, Revised Codes of 1921, permitting the charging of any number of offenses against the Prohibition Act in separate counts under a single information, "if there was any informality in that respect, it was entirely without prejudice." (*People* v. *Tomsky,* 20 Cal. App. 672, 130 Pac. 184; *People* v. *Airola,* 46 Cal. App. 79, 188 Pac. 817.) "Neither a departure from the form or mode prescribed by this Code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right." (Sec. 11874, Rev. Codes 1921.)

Since a trial was had on issue joined by plea which counsel for defendant considered sufficient, the plea was sufficient to support the judgment herein.

2. As the case must be sent back for a new trial, it is not now necessary to consider the sufficiency of count 3 of the information, or whether defendant has waived the question; suffice it to say that the count is defective, and, before a new trial is had, should be amended to comply substantially with the requirements of section 11844 of the Revised Codes of 1921.

3. It is asserted that the evidence is insufficient to justify the verdict and judgment, and with this assertion we must agree.

The state called but three witnesses; the sheriff merely [3] identified a bottle of whisky received from the witness

Sorenson; one Lee H. Stoddard testified to matters in nowise connected with the two charges on which the defendant was convicted; and the conviction rests solely upon the testimony of Carl E. Sorenson. On direct examination this witness testified that he knew Emil Grasswick, also known as Emil Erickson; that on September 21, 1925, he was working as a prohibition enforcement officer under direction of the county attorney and sheriff of Pondera county, and that, in the evening of said day, in company with one Blackie Moran he went to the home of Grasswick, or Erickson, and there purchased of Erickson, as he called the man, a pint of moonshine whiskey for $2, which he tasted and turned over to the sheriff; that he knew where the man lived in Conrad; that "his house is over in this part of town, over here [indicating]; I don't know the number of the house or anything like that, but I can find it." This evidence, standing alone, was sufficient to support the judgment, even though contradicted by other evidence. (Sec. 10505, Rev. Codes 1921.)

However, the effect of the evidence was destroyed, not by other evidence, but by the explanation thereof made by the witness on cross-examination, when he testified that he had never been in Conrad before, never met the man from whom he purchased the liquor prior to the purchase, never visited his house before, and had never seen the man since. He further admitted that, while he had, subsequent to the purchase, made an affidavit, as the basis of a search-warrant, in which the Grasswick house was described with reference to the "Du Bois Hospital" and the lots on which it stood, he did not know where, in Conrad, those lots were located, and did not know whether the hospital mentioned was in the vicinity of the house he visited on the night in question; he merely took the word of the county attorney that the description was that of the Grasswick residence. Whether he visited the Grasswick residence at all is the merest conjecture.

In fact, as explained on cross-examination, the testimony of this witness amounted to no more than a statement that on the night in question he was taken by a stranger to a house which

his pilot said was the home of a bootlegger said to be named Grasswick or Erickson, and there purchased liquor from a total stranger, whom he had never seen before and had not seen since. Whether the house was the same as that later described by the county attorney in the affidavit mentioned does not appear. It does not even appear that the witness was introduced to the man from whom he purchased, or that any name was mentioned in the presence of such person, or that he was given an opportunity to either admit or deny that he was either Grasswick or Erickson. It does not appear that the defendant was known as Erickson, although it does appear that the witness generally referred to the man from whom he bought the liquor as Erickson; it does appear from the record that this defendant's name was Grasswick.

It must be remembered that the defendant was not in the courtroom for identification, and even a description of the man referred to by the witness is lacking. Ordinarily, while the complaining witness and the officers may not be acquainted with the party charged with crime, he is in the courtroom, and the witnesses are enabled to point him out as the man who committed the act; but here there was no evidence even of what the man who committed the acts complained of, or the defendant charged therewith, looked like, or that there was any similarity between them. In fact, the proof of the material allegation that it was this defendant who committed the crime charged, depended entirely upon whether or not the information furnished the witness by "Blackie Moran," who was not called as a witness, was true or false.

Aside from that part referring to the purchase of liquor from someone, this testimony was purely hearsay and cannot support the judgment of conviction.

4. After judgment the defendant moved for a new trial upon the grounds of the insufficiency of the evidence, and on affidavits setting forth newly discovered evidence. We need not consider the second ground. From what is heretofore said, the motion should have been granted on the palpable insufficiency of the evidence.

The judgment and order appealed from are reversed, and the cause is remanded to the district court of Pondera county, with direction to grant the defendant a new trial.

                                        *Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICE STARK concur.

JUSTICES HOLLOWAY and GALEN not sitting.