STATE OF MONTANA ex rel. MRS. JAMES A. PENHALE, RELATOR AND RESPONDENT, v. STATE HIGHWAY PATROL, GLENN L. SCHULTZ, SUPERVISOR, MONTANA STATE HIGHWAY PATROL, ET AL., DEFENDANTS AND APPELLANTS.

No. 9675.

Submitted January 16, 1958. Decided February 13, 1958.

321 Pac. (2d) 612.

Forrest H. Anderson, Atty. Gen. (Arnold H. Olsen, former Atty. Gen.), Donald E. Gottwig (former Sp. Asst. Atty Gen.), Paul F. Reynolds, Deputy Sp. Asst., Helena, for appellant.

M. J. Doepker, Butte, for respondent.

THE HONORABLE WM. F. SHALLENBERGER, District Judge, sitting in place of MR. JUSTICE BOTTOMLY, delivered the opinion of the court.

This appeal was taken from a judgment granting a peremptory writ of mandate requiring the Montana State Highway Patrol and certain designated officers to return to the relatrix motor vehicle license plates regularly issued for a 1952 Ford Ranch Wagon, title to which is alleged to have stood in the names of "James A. Penhale and/or Mrs. James A. Penhale."

On November 24, 1954, James A. Penhale, husband of the relatrix, became involved in a motor vehicle accident when he was driving a different vehicle, a 1951 truck, which was in his ownership exclusively.

The Supervisor of the Highway Patrol made an order on December 21, 1954, suspending all license plates and registrations standing in the name of James A. Penhale, under the

terms of section 53-422, R.C.M. 1947, on the grounds of Mr. Penhale's failure to comply with the Financial Responsibility Act after his accident.

Mr. Penhale's driving privileges were revoked and he surrendered his plates for the truck involved in the accident.

An order of February 21, 1955, was mailed to Mr. Penhale by the Deputy Registrar of Motor Vehicles purportedly suspending the registration of the co-owned car. There was no surrender of the plates on his car, and a patrolman, over the protest of the relatrix, took the license plates from the co-owned car. After demand for their return and a refusal of the demand, Mrs. Penhale commenced this action against the Highway Patrol and certain of its officers seeking the return of her plates. The appellants appeared solely by a motion to quash which was denied by the district court, and after hearing on the merits the judgment was entered and the Highway Patrol and those officials have taken this appeal.

It is not disputed that the co-owned car was not involved in the accident which ultimately led to the suspension of the plates of the husband's solely owned truck. Nor is it disputed that Mrs. Penhale herself had never been involved in any accident; nor that the co-owned car was fully covered by insurance adequate in amount to meet the requirements of the Financial Responsibility Act.

The specifications of error in this matter point up the only two questions involved which are:

1. Does the fact that Mr. Penhale was a co-owner with his wife of the 1952 car operate to permit the taking of plates therefrom by the Highway Patrol, it being conceded that the only source of authority, if any, for the actions of the patrolmen is contained in the Financial Responsibility Act?

2. Is mandamus the proper remedy, or must the relatrix be cast under the provisions of section 53-419, R.C.M. 1947, providing for an appeal to the district court by "any party in interest" within sixty days after the rendition of the order of the Patrol Supervisor?

Section 53-422, R.C.M. 1947, a part of the Financial Responsibility Act, provides that in such instances as Mr. Penhale's situation is conceded to be, the Patrol Supervisor "shall suspend all registrations of each owner of a motor vehicle in any manner involved in such accident."

Section 53-418 of the same Act defines "owner" as "A person who holds the legal title of a motor vehicle * * *."

Here two people are interested in the title and may be said to fall within the definition of "owner" above quoted. One of them, Mr. Penhale, is clearly within the penalty. But, must the other, Mrs. Penhale, who is just as much an "owner" of the 1952 car as is Mr. Penhale, bear the penalty of losing her license plates and hence the use and enjoyment of her property on the highways, or should she be excluded from its operation and effect?

In view of the penal character of the statute we must apply the familiar rule clearly and fully stated in State v. Aetna Banking & Trust Co., 34 Mont. 379, 382, 87 Pac. 268, 269, as follows:

"* * * and the rule, universally recognized, is that a statute of this character must be strictly construed. The rule is founded upon the principle that the power of punishment vests in the legislature, not in the courts. 'Strict construction, as applied to statutes, means that they are *not to be so extended* by implication beyond the legitimate import of the words used in them *as to embrace cases or acts not clearly described by such words,* and to bring them within the prohibition or penalty of such statutes. It does not mean that words shall be so restricted as not to have their full meaning, but that *everything shall be excluded from the operation of statutes so construed which does not clearly come within the meaning of the language used.'* * * * The courts will not * * * apply such statutes to cases which are not within the *obvious* meaning of the language employed by the Legislature, even though they be within the mischief intended to be remedied * * *." Emphasis supplied.

Hence, Mrs. Penhale's registration, even though indivisible and inseparable from that of her husband, must be excluded from the operation of the statute.

Likewise, it must be held that mandamus is the proper remedy for Mrs. Penhale to regain her license plates and thereby be. reinstated to the use and enjoyment of her car on the highways.

· R.C.M. 1947, section 93-9102, provides that the writ of mandate may issue "to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such * * * board, or person."

The application of this last statute would seem clear unless the wife had another remedy which was "plain, adequate and speedy."

Her right to the writ of mandate is not lost by reason of the provisions of section 53-419, R.C.M. 1947, providing for appeals to the district court from the Supervisor's order. This statute accords the right of appeal only to "any party in interest." While it is not necessary at this time to decide whether she was such a "party in interest" as to have the right of that appellate procedure, Mrs. Penhale was certainly an outsider to the proceedings between the Patrol and her husband which resulted from his accident that involved his solely owned car. She had no interest in any vehicle which was in any manner involved in that accident.

But even assuming her to be a "party in interest" in such proceedings, the mere existence of a right of appeal, where it is inadequate, does not preclude the issuance of a writ of mandate. State ex rel. County of Musselshell v. District Court, 89 Mont. 531, 300 Pac. 235, 82 A.L.R. 1158; In re Connaway, 178 U.S. 421, 20 S. Ct. 951, 44 L. Ed. 1134; State ex rel. Montana Central Ry. Co. v. District Court, 32 Mont. 37, 79 Pac. 546; State ex rel. Stifel v. District Court, 37 Mont. 298, 96 Pac. 337.

In hearing the appeal from the Supervisor's suspension order

it is provided in section 53-419, subd. (c), R.C.M. 1947, that the "court *may,* upon the hearing, *for a good cause shown,* permit evidence in addition to the matter certified by the supervisor to the court, but, in the absence of such permission from the court, *the cause shall be heard on the matter certified to the court by the supervisor."* Emphasis supplied. This same section provides that the matter to be certified to the district court by the Supervisor shall be the "complete record of all proceedings had by him [Supervisor] with reference to the decision, order or act appealed from, together with all official forms or documents in the possession of said supervisor pertaining to said decision, order or act, and all correspondence and other written matter in the possession of said supervisor pertaining to said decision, order or act * * *."

The Highway Patrol file in this cause was admitted in evidence without objection. Out of this entire file only one paper was even addressed to Mrs. Penhale and this file contains a great deal of matter, which when tested by the standard rules of evidence, would be incompetent or otherwise improper when applied to Mrs. Penhale's cause. Hence, Mrs. Penhale in following that appellate procedure would be subjected to the possibility of having her case conclusively decided against her without having her day in court, without even being permitted to be heard, without being permitted to call other witnesses on her behalf, and without having the right of cross-examination of the witnesses against her. The law in the circumstances here should protect her clear right to be heard in her own cause without the need of applying for special permission or grace from a judge or any one else who have the discretion to deny it.

The judgment appealed from is therefore affirmed.

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICES CASTLES, ANGSTMAN and ADAIR, concur.