# THE STATE OF MONTANA, Plaintiff and Appellant, v. LOUIS McDONALD, Defendant and Respondent.

No. 12094.
Decided Dec. 7, 1971.
491 P.2d 711.

Robert L. Woodahl, Atty. Gen., Helena, David V. Gliko, Asst. Atty. Gen., argued, Helena, Richard P. Heinz, County Atty., Polson, for appellant.

PER CURIAM:

This appeal results from the setting aside of a jury verdict of conviction in the district court of the fourth judicial district, Lake County, Hon. E. Gardner Brownlee, judge presiding. Defendant, Louis McDonald, was found guilty of involuntary manslaughter. From the order setting aside the conviction, the state appeals.

The sole issue for review is whether defendant's conviction

of driving while intoxicated and operating a motor vehicle with improper brakes bars a subsequent prosecution for involuntary manslaughter.

On Saint Patrick's Day, 1970, defendant was involved in an automobile accident wherein one Adelaide Fyant was killed. On the same day, March 17, Highway Patrolman George Goggins filed two misdemeanor charges against defendant (1) a violation of section 32-2142, R.C.M.1947, driving while intoxicated (DWI); and (2) violation of section 32-21-143, R.C.M. 1947, operating a vehicle without proper lights and equipment (no brakes).

On March 18, defendant appeared in the justice court of Polson Township, before Justice of the Peace Ray Kelly. There he was informed of his rights, which he waived, and entered pleas of guilty to both charges. He was sentenced to 30 days and a $250 fine on the DWI charge; and $50 fine on the charge of operating a defective vehicle.

Two months later, on May 14, 1970, an Information was filed in the district court of the fourth judicial district, Lake County, charging defendant with involuntary mansslaughter. Trial commenced March 2, 1971. The jury found defendant guilty as charged. Defendant's counsel moved the court to set aside the verdict on the grounds the second prosecution was based on the same "transaction of acts" as the prior misdemeanor charges, thereby placing defendant in double jeopardy in violation of the Montana Constitution; sections 94-6808.1 through 94-6808.4, R.C.M.1947; and, the Fifth Amendment to the United States Constitution.

The trial judge granted the motion, thus setting aside the conviction. He explained his reasons for so doing as follows: That sections 94-6808.1 et seq., R.C.M.1947, had been passed by the 1969 legislative assembly and in the short time between passage and this case no cases had been decided by the Montana State Supreme Court to give him guidance, but the United States Supreme Court in a recent opinion, Waller v. Florida,

397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), had held that the provisions against double jeopardy in the federal constitution were binding on the states. That in *Waller* certain acts were committed by the defendant and he had been charged with a lesser crime in a municipal court to which charge he had entered a plea of guilty and was sentenced. Later defendant was charged in the circuit court with a felony based upon the same acts. Defendant's plea of twice in jeopardy was denied by the courts of Florida but the United States Supreme Court on review held that the double jeopardy clause barred a second trial, since all charges grew out of the same criminal episode.

Here, the trial judge found that the same situation prevailed and so ruled.

However, the holding in *Waller* does not apply to the facts of the present case. In *Waller* the accused was convicted of violating two city ordinances, and later was charged by the state of Florida with a felony—grand larceny. The United States Supreme Court in finding double jeopardy limited its decision, when it said:

"We decide only that the Florida courts were in error to the extent of holding that—'even if a person has been tried in a municipal court for the identical offense with which he is charged in a state court, this would not be a bar to the prosecution of such person in the proper state court.' "

Thus, the district court was in error.

Here, we note that this appeal came to this Court by agreement of counsel for both parties, without a transcript of the trial. This Court noted to counsel for both parties on the lack of information as to how the misdemeanor charges were filed and procedure taken, whereupon counsel agreed that records would be obtained from the justice court in Polson and from the then county attorney. Such records were forwarded to this Court, together with an affidavit of Calvin Christian, the then county attorney of Lake County. Such record shows no

appearance by the county attorney and the affidavit of the then county attorney indicates that the custom was that his office did not appear unless there was a contested case.

In view of the lack of a complete record which would allow this Court to base this opinion on the statutes, we will base our opinion on the constitutional question presented in the trial judge's decision to set aside the conviction. We will consider other jurisdictions where the constitutional questions raised by *Waller* have been discussed and then refer to our own case authority.

The brief of respondent here would have us declare that under our statutes, section 94-6808.1 et seq., R.C.M.1947, the trial court was correct in any event because the "same transaction" rule applies.

◦ In State v. Miller (Or.App.1971), 484 P.2d 1132, 1133, the Oregon court applied several basic approaches to the test of "same offense" and "same transaction." Considering "same offense," it quoted with approval the following language from Morey v. Commonwealth, 108 Mass. 433, 434 (1871):

" '* * * A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.' * * *"

This Court in State v. Marchindo, 65 Mont. 431, 446, 211 P. 1093, quoted the identical passage from the Massachusetts case above cited. The instant case fails to meet the above standard. For conviction of involuntary manslaughter there must be an "additional fact" not required in either the DWI or improperly operating a vehicle charge, that is, a negligent act causing death.

The trial court erred in setting aside the verdict, therefore we order the verdict and conviction reinstated.