No. 13877

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

STATE OF MONTANA,

              Plaintiff and Respondent,

    -vs-

FRANK DAVIS and DUANE CLOSE,

              Defendants and Appellants.

---

Appeal from: District Court of the Third Judicial District,
             Honorable Arnold Olsen, Judge presiding.

Counsel of Record:

    For Appellants:

        Bryon W. Boggs argued, Anaconda, Montana

    For Respondent:

        Hon Mike Greely, Attorney General, Helena, Montana
        Denny Moreen, Assistant Attorney General, argued,
         Helena, Montana
        James J. Masar, County Attorney, Deer Lodge, Montana

---

                    Submitted:  March 9, 1978

                      Decided:  APR - 3 1978

Filed:  APR - 3 1978

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Defendants were charged by information filed January 31, 1977 with the crimes of attempted escape and criminal mischief, both felonies. Following a jury trial in District Court, Powell County, defendants were convicted of both offenses. They were subsequently found to be persistent felony offenders and sentenced to ten years imprisonment at Montana State Prison for attempted escape and five years imprisonment for criminal mischief, the sentences to be served consecutively. Defendants appeal the judgment and sentence.

The instant charges resulted from an attempted act of escape on the part of defendants, while incarcerated in the Powell County jail. Defendants were observed digging a hole in the wall of the jail facility.

The arraignment of defendants was conducted before Hon. John B. McClernan. Counsel for defendants orally moved for an order requiring the State to elect between the two charges on the ground they were multiplicious, in that they were based upon the doing of one act. Judge McClernan thereupon ruled on the motion as follows:

> "The objection is overruled, but, the Court will reserve the right to these Defendant (sic) to compel the County Attorney to make an election before these men go to trial."

Defendants entered pleas of "not guilty" to both charges.

Hon. Arnold Olsen later assumed jurisdiction of the cause. The matter was tried before a jury on March 8, 1977. As of the time of trial, the State had not elected between the two charges. Prior to the commencement of trial, counsel for defendants again moved that the State be required to elect between the charges. The motion was denied, and the trial ensued, resulting in the conviction of both defendants on both felony charges.

- 2 -

The following issues are presented for review:

(1) Did Judge Olsen overrule a prior order of Judge McClernan requiring the State to elect between the charges and, if so, was it error to so overrule the order?

(2) Did the District Court err in permitting the trial and conviction of defendants on both charges in violation of the constitutional guaranty against double jeopardy?

(3) Did the District Court err in denying defendants' motion to dismiss the felony criminal mischief charge on the ground the State failed to establish a prima facie case that the amount of damage exceeded $150?

Defendants first argue that Judge McClernan initially granted the motion to force an election between the charges, this becoming the "law of the case". It is maintained that when Judge Olsen subsequently assumed jurisdiction and denied the renewed motion to force an election, he thereby overruled the "law of the case", and in so doing, abused his discretion as district judge. We find no foundation in the record for such a contention.

Rather, it is manifest that Judge McClernan, in ruling on defendants' motion to force an election at the time of the arraignment, denied said motion with the reservation of the right to renew it prior to trial. By statute, a district judge is empowered with the discretion to force the State to elect between duplicitous charges. Section 95-1504(2), R.C.M. 1947. However, Judge McClernan did not order such an election in this case, but merely reserved the right to defendants to renew the motion prior to trial. We find no abrogation of the doctrine of "law of the case" in the subsequent denial of the renewed motion by Judge Olsen.

Defendants' second argument relates directly to the

substance of the election issue. In this regard, defendants contend the State charged and obtained convictions for two separate offenses based upon proof of the same act. As such, the convictions on both charges placed defendants in double jeopardy for the same offense in violation of the 1972 Montana Constitution, Art. II, Section 25. We conclude the constitutional guaranty against double jeopardy is not relevant to the facts of this case.

This Court has consistently quoted with approval the following holding from the Massachusetts case of Morey v. Common-wealth, (1871), 108 Mass. 433, 434:

> " * * * A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."

State v. Marchindo, (1923), 65 Mont. 431, 446, 211 P. 1093; State v. Lagerquist, (1968), 152 Mont. 21, 30, 445 P.2d 910; State v. McDonald, (1971), 158 Mont. 307, 310, 491 P.2d 711. See also Blockburger v. United States, (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306; Gore v. United States, (1958), 357 U.S. 386, 78 S. Ct. 1280, 2 L ed 2d 1405.

It is plain that the statutes defining the offenses with which defendants were charged have, in the ordinary situation, no common elements. The statutes clearly set forth separate and distinct criminal offenses, and are designed for the pro-tection of completely different interests.

Criminal mischief is classified by the Montana Criminal Code of 1973, sections 94-1-101 et seq., R.C.M. 1947, as an offense against property. Section 94-6-102, R.C.M. 1947 provides in relevant part:

> "(1) A person commits the offense of criminal mischief if he knowingly or purposely:
>
> "(a) injures, damages or destroys any property of

another or public property without consent * * *".

Escape, in contrast, is an offense against public administration.

Under section 94-7-306, R.C.M. 1947, the offense of escape is

committed when:

" * * *

"(2) A person subject to official detention * * *
knowingly or purposely removes himself from
official detention * * *."

Here, proof of the digging of the hole in the Powell County jail

establishes the requisite act in each offense. However, the

prosecution was obviously required to establish differing facts

in proving two distinct mental states or intents, and two separ-

ate criminal results.

We hold, therefore, the District Court did not err in

permitting defendants to be charged and convicted of both offenses.

Defendants also contend, however, the District Court

erred in denying their motion to dismiss the felony criminal

mischief charge following the State's case-in-chief, on the ground

the State failed to establish a prima facie case that the amount

of property damage exceeded $150. We agree.

The State's proof of the value of the damage to the wall

of the Powell County jail consisted of the admission of two bills

totaling $169. On cross-examination, a State's witness, Powell

County Sheriff Collings, admitted the bills not only covered

the cost of repairing the hole dug in the jail wall by defen-

dants, but additional repairs to the wall around the door lock

and a plate adjoining a window in the jail visitor's room as

well. The witness testified that only a "very light" amount

of the $169 was attributable to the repair of the other holes.

No further proof was adduced tending to establish defendants

had caused the other holes.

The function of proof of the value of destroyed or injured

property under the Montana Criminal Mischief Statute, section

94-6-102, R.C.M. 1947, is essentially similar to that of the analogous Illinois statute defining the offense of criminal damage to property, 1 Ill.Rev.Stat.'65, Ch. 38, Section 21-1. In both statutes, proof of value is not an element of the offense. Rather, proof of value is to be considered by the trial judge in the exercise of his sentencing discretion. See People v. Tidwell,/33 Ill.App.3d 232, 338 N.E.2d 113; People
(1975),
v. Vesley, (1967), 86 Ill.App.2d 283, 229 N.E.2d 886. Thus, whether a defendant is sentenced for the offense of criminal mischief as a felon or a misdemeanant, is directly contingent upon whether the value of the damage or destruction is shown to be greater or less than $150, respectively.

In the instant case, however, defendants were charged with felony criminal mischief. It was thus incumbent upon the State to establish that the amount of damages caused by defendants exceeded $150. Section 94-6-102(2), R.C.M. 1947. This the State failed to do. The record reveals that the State proved the total damage to the jail was valued at $169. However, there was no direct proof that the cost of the repair of the hole caused by defendants exceeded $150. We conclude defendants' motion to dismiss the felony criminal mischief charge at the close of the State's case should have been granted, for failure of proof of an amount of damage consistent with the felony charge.

The State had the opportunity to offer to the jury an instruction on the lesser included offense of misdemeanor criminal mischief. It nevertheless elected not to do so. Thus, we cannot permit defendants' conviction on the charge of felony criminal mischief to stand.

The conviction and sentence for the offense of attempted escape are affirmed. The conviction of the offense of criminal

- 6 -

mischief is reversed and the charge therefor dismissed. The sentence entered pursuant to the conviction for criminal mischief is hereby vacated.

Affirmed in part, reversed in part.

_____
                                    Justice

We concur:

_____
Chief Justice

_____

_____
Justices

_____
Hon. Alfred B. Coate, District
Judge, sitting in the vacant
seat on the Court.