No. 14490

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

_____

IN THE MATTER OF FRANK E. DAVIS,

Petitioner.

_____

ORIGINAL PROCEEDING:

Counsel of Record:

For Petitioner:

David J. Patterson, Montana Defender Project, Missoula,
Montana
Daniel Howard, Student Intern argued, Defender Project,
Missoula, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
James Masar, County Attorney, Deer Lodge, Montana
Kermit Daniels argued, Deer Lodge, Montana

_____

Submitted: November 16, 1978

Decided: DEC 6 - 1978

Filed: DEC 6 - 1978

Thomas J. Kearney
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This is an original petition for post-conviction relief by an inmate of the Montana State Prison. Petitioner seeks reduction of three 20 year sentences for theft imposed upon him as a persistent felony offender.

The issue on appeal is whether petitioner was legally sentenced as a persistent felony offender thereby subjecting him to an increased term of imprisonment.

In February 3, 1977, petitioner Frank E. Davis plead not guilty to three counts of felony theft of copper wire from the Montana Power Company in the District Court of Powell County.

While in jail awaiting trial on the theft charges petitioner attempted to escape by digging a hole in the jail wall. He was apprehended and charged with attempted escape and felony criminal mischief. The state gave proper notice of its intention to seek increased punishment of petitioner as a persistent felony offender pursuant to section 95-1506, R.C.M. 1947. Following a jury trial, petitioner was convicted of both offenses and sentenced to 15 years for attempted escape and 5 years for felony criminal mischief. The latter sentence was subsequently vacated by this Court for failure of the state to prove an element of the crime. State v. Davis (1978), ____Mont.____, 577 P.2d 375, 35 St.Rep. 381.

One week after sentence was imposed on the attempted escape and felony criminal mischief convictions, petitioner withdrew his plea of not guilty to the three theft charges and entered a plea of guilty. Written notice was never given to petitioner that the state would seek increased punishment against him as a persistent felony offender on the theft charges. Nonetheless, the sentencing judge concluded that petitioner was a persistent felony offender and sentenced him to 20 years imprisonment on each of the three

theft charges to be served concurrently with the sentence previously imposed on the attempted escape and felony criminal mischief convictions.

In this proceeding, petitioner seeks reduction of the three concurrent 20 year sentences imposed against him on the three theft charges to the statutory maximum of 10 years on each charge for nonpersistent felony offenders. Section 94-6-302(4), R.C.M. 1947.

The crux of petitioner's contention is simply that he could not be sentenced to increased punishment as a persistent felony offender where the state did not give him written notice thereof as required by section 95-1506, R.C.M. 1947.

The state admits it gave petitioner no notice of its intention to seek increased punishment. The state contends, however, that once petitioner was found to be a persistent felony offender at his sentencing on the attempted escape and criminal mischief convictions, the court was entitled to take judicial notice of that finding in sentencing him on the theft charges.

Section 95-1506, R.C.M. 1947, provides in pertinent part:

"Procedural requirements--persistent felony offenders. (1) If the state seeks treatment of the accused as a persistent felony offender under 95-1507 or 95-2206.5 or both of those sections, notice of that fact must be given in writing to the accused or his attorney before the entry of a plea of guilty by the accused . . .

"(2) . . .

"(3) If the accused is convicted upon the felony charge, the notice, together with proper proof of timely service, shall be filed with the court before the time fixed for sentencing . . .

"(4) The hearing shall be held before the court alone. If the court finds any of the allegations of prior conviction true, the accused shall be sentenced under the provisions of 95-1507 and 95-2206.5."

This statute is clear and unambiguous. The state must give written notice of its intention to seek increased punishment

- 3 -

of an accused as a persistent felony offender prior to entry of his plea. Discretion to treat an accused as a persistent felony offender is vested in the state, i.e. the prosecutor, not in the sentencing court. Prior notice of such intention must be given by the state in writing, proof of service of such notice must be made before sentencing, and the sentencing court must find the allegations of prior conviction true before increased punishment can be imposed upon an accused as a persistent felony offender.

The intent of the statute is clear from its plain language. The accused must be informed of the increased sentence to which he is subject before he pleads guilty or goes to trial. If an accused is not so informed, an increased sentence cannot be imposed. The county attorney in the first instance controls the decision on whether or not to invoke the persistent felony offender statute by the notice requirements of the statute. If he fails to give the required notice to invoke the persistent felony offender statutes, increased punishment thereunder is not in issue before the sentencing court. We need not determine whether the sentencing court can invoke the persistent felony offender statute on its own initiative by ordering the information amended prior to entry of plea or otherwise as such was not done in this case.

Here, the amended information charging petitioner with three counts of theft stated on its face: "The maximum sentence for each count of THEFT is imprisonment in the Montana State Prison for any term not to exceed ten (10) years." No notice, written or oral, by the prosecutor or the court, was given petitioner that he would be sentenced to increased punishment as a persistent felony offender. Petitioner plead guilty and was sentenced on each count to 20 years, double the statutory maximum for each offense standing alone. Fundamental fairness in view of the statutory notice requirements prohibits this result.

- 4 -

The state argues that petitioner's status as a persistent felony offender was established at the prior sentencing on the attempted escape and criminal mischief charges of which the court could take judicial notice. This argument misses the point. Whether petitioner was in fact a prior felony offender or not, he was not so charged. On the contrary, the information expressly informed him that the maximum sentence on each count was 10 years. Had petitioner known that he was subject to a maximum sentence of 100 years as a persistent felony offender (section 95-1507, R.C.M. 1947) he might well have declined to change his plea to guilty.

It could be argued that petitioner's failure to object to lack of notice at the time of sentencing constituted a waiver of any objection to the sentence imposed. We reject this approach. Statutes providing for enhanced punishment are penal in nature and must be strictly construed. State v. State Highway Patrol (1958), 133 Mont. 162, 321 P.2d 612; Shipman v. Todd (1957), 131 Mont. 365, 310 P.2d 300. Montana's statute requiring written notice thereof prior to entry of plea is explicit and unambiguous. Compliance with its requirements is a condition precedent to increased punishment of a defendant as a persistent felony offender. An implied waiver of any objection to the sentence by failure to object at the time of sentencing is not only illusory but would effectively undermine the intent, purpose and requirements of the statute. We decline to find an implied waiver under these circumstances.

Petitioner also requests that he not be designated a persistent felony offender for parole purposes. This we decline to do. His status as a persistent felony offender for purposes of parole eligibility is established in his sentence on the attempted escape charges which remains uncontested.

The sentence imposed upon petitioner on April 7, 1977, in

Cause #2238 in the District Court of the Third Judicial District of the State of Montana, in and for the County of Powell, is reduced to a term of 10 years imprisonment on each count to be served concurrently as provided in the original sentence.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices