No. 14446

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

FRED PERRY,

Defendant and Appellant.

Appeal from: District Court of the Third Judicial District,
Honorable Robert J. Boyd, Judge presiding.

Counsel of Record:

For Appellant:

Byron Boggs argued, Anaconda, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Chris D. Tweeten, Assistant Attorney General, argued,
Helena, Montana
James J. Masar, County Attorney, Deer Lodge, Montana

Submitted: January 30, 1979

Decided: FEB 1 5 1979

Filed: FEB 1 5 1979

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Defendant was charged with one count of possession of a weapon by a prisoner and one count of aggravated assault. He was convicted of both counts following a trial by jury in Powell County in the District Court of the Third Judicial District, the Honorable Robert J. Boyd, presiding. He appeals.

This case arose out of a prison altercation in which inmate Anthel Brown sustained severe injuries. Brown and defendant had fought on at least one occasion prior to the January 15, 1978, incident which resulted in the filing of these charges. According to the testimony developed at trial, Brown confronted defendant when he entered the prison recreation area and showed him a sharpened file. Defendant then walked to the other end of the room and armed himself with a metal pipe. He concealed the pipe in his clothing and disregarded an order from a prison officer that he stop to be searched. Upon reaching Brown, he proceeded to deliver numerous blows to Brown's head and legs. Brown also incurred stab wounds in the chest of undetermined origin.

Defendant presents three issues on appeal, which can be summarized and stated as follows:

1. Whether the jury's finding that defendant was in possession of a deadly weapon without lawful authority is supported by the evidence.

2. Whether defendant's conviction for the offense of possession of a weapon by a prisoner violates constitutional or statutory prohibitions against double jeopardy.

3. Whether section 94-8-213, R.C.M. 1947, now section 45-8-318 MCA, is unconstitutionally vague.

-2-

Each of defendant's issues involves his conviction for the offense of possession of a weapon by a prisoner. Addressing the first issue, defendant asserts that the District Court erred by not granting his motion for a directed verdict made on the grounds that the evidence was not sufficient to support the conviction.

Defendant's argument is broken into two parts. First, he asserts that the metal pipe he possessed was not listed as a deadly weapon in section 94-8-213, R.C.M. 1947, now section 45-8-318 MCA, and was not "intrinsically a deadly weapon." Furthermore, defendant contends he needed no special authorization to possess the pipe, and the State therefore failed to prove that he possessed the pipe "without lawful authority."

Section 94-8-213, R.C.M. 1947, now section 45-8-318 MCA, provides in pertinent part:

> "Every prisoner committed to the Montana state prison, who, while at such state prison . . . possesses or carries upon his person or has under his custody or control without lawful authority, a dirk, dagger, pistol, revolver, slingshot, swordcane, billy, knuckles made of any metal or hard substance, knife, razor, not including a safety razor, or other deadly weapon, is guilty of a felony and shall be punishable by imprisonment in the state prison for a term not less than five (5) years nor more than fifteen (15) years. Such term of imprisonment to commence from the time he would have otherwise been released from said prison." (Emphasis added.)

For purposes of the "Criminal Code of 1973", "weapon" is defined in section 94-2-101(65), R.C.M. 1947, now section 45-2-101(65) MCA:

> "'Weapon' means any instrument, article, or substance which, regardless of its primary function, is readily capable of being used to produce death or serious bodily injury." (Emphasis added.)

-3-

Defendant contends that a metal pipe does not fit within the category of "other deadly weapon" as it is intended in section 94-8-213, R.C.M. 1947, now section 45-8-318 MCA. A review of the instructions given to the jury, however, reveals that the jury was instructed as to the meaning of the term "billy". Instruction No. 10 read: "'Billy' means a club." We find that the metal pipe wielded by defendant was clearly a club within the common understanding of that term. As a result, we need not reach the question of what may be included in the phrase "other deadly weapon" as it appears in the statute.

Nor does the record support defendant's contention that the State failed to prove his possession of the pipe was without lawful authorization. In substance, Burt Solle, the prison recreation director, testified that defendant could possess the tools necessary to complete a job without "special authorization" while working on the job. However, he did not testify that defendant had the authority to possess the metal pipe under all circumstances. Furthermore, prison officer Frank Knadler testified that defendant's possession of the pipe for purposes other than its use as a weight bar or tool was a violation of prison regulations. Finally, defendant's conduct in hiding the bar under his clothing and ignoring an order to submit to a search indicates that he knew he was exceeding his lawful authority in possessing the pipe.

With respect to his double jeopary claim, defendant argues that the charge of possession of a weapon by a prisoner constituted, under the facts of the instant case, an offense included in the charge of aggravated assault. Section 95-1711(2)(a), R.C.M. 1947, now section 46-11-502

MCA, addresses the double jeopardy principle advanced by defendant:

"(2) When the same transaction may establish the commission of more than one offense, a person charged with such conduct may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:

"(a) one offense is included in the other;"

Section 95-1711(1)(b)(i), R.C.M. 1947, now section 46-11-501(2)(a) MCA, defines an "included offense". It provides:

"(b) An offense is an included offense when:

"(i) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;"

It appears then that two distinct elements, not elements of the offense of aggravated assault, must be proved by the State to sustain a conviction on a charge of possession of a weapon by a prisoner. The State must prove (1) that the individual involved was a prisoner at the time the offense was committed, and (2) that his possession of the weapon was unauthorized. Therefore, defendant's convictions do not violate prohibitions against double jeopardy.

In the final issue presented by defendant, he asserts that section 94-8-213, R.C.M. 1947, now section 45-8-318 MCA, is an unconstitutionally vague statute and therefore violative of due process. The rule in Montana is that "unless [a statute] is sufficiently explicit so that all those subject to the penalties may know what to avoid, it violates the essentials of due process." State ex rel. Griffin v. Greene (1937), 104 Mont. 460, 467, 67 P.2d 995, 999. Section 94-8-213, now section 45-8-318 MCA, provides, among other things, that unauthorized possession by a prisoner of a club is a punishable offense. A reasonable

person would know possession of such an object is an offense only if it is possession <u>without</u> <u>authorization</u>.

The conviction is affirmed.

-6-

_____
                               Justice

We Concur:

_____
              Chief Justice

_____

_____

_____
            Justices

-6-