SHEA, Justice,
dissenting:
I dissent.
Regardless of what name is given to the statute involved (section 40-8-111(1), MCA), the undeniable fact is that we are interpreting a statute which has a irrevocable sanction: a natural parent can forever lose his parental rights. Because, however, the statute is, in essence, a penal statute, it mmt Ke strictly construed against the petitioner and in favor ^ one natural father. That is true of all civil statutes penal in nature. Missoula High School Legal Defense Assoc., v. Supt. of Public Instruction (December 22, 1981), Mont., 637 P.2d 1188, 38 St. Rep. 2164; and State v. State Highway Patrol (1958), 133 Mont. 162, 321 P.2d 612. New civil statutes impose a more severe sanction than one forever terminating parental rights.
The language “has not contributed to the support of the child during a period of one year before the filing of the petition for adoption,” is ambiguous, and that is precisely why this Court has been called upon to interpret the phrase “has not contributed to the support of the child...” Because we are dealing with a penal statute, this Court should not provide an interpretation by a definition favoring the termination of parental rights. Rather, this Court should strictly construe this statute to mean that any kind of support of the child within the one year period will effectively prevent a determination of whether it would be in the best interests of the child to be adopted.
If the legislature has not explicitly set forth the basis on which the penalty is to be invoked, this Court should not fill in the blanks for the legislature. Our duty is to strictly construe the statute against invocation of the penalty. To do that we must liberally construe the terms “contributed” and “support” in favor of the natural parent.
I would affirm the District Court.